**Lyle G. MORTENSEN, Sr., Plaintiff-Appellant,**

v.

**Anna Maxine MORTENSEN, Defendant-Respondent.**

Nos. 25549, 25597.

Kansas City Court of Appeals, Missouri.

April 5, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1971.

Application to Trasfer Denied Sept. 13, 1971.

Tucker, Charno, Willens, Jouras & Tucker, James P. Jouras, Kansas City, for plaintiff-appellant.

Albert Copaken and Sylvia Copaken, Kansas City, for defendant-respondent.

FLOYD L. SPERRY, Special Commissioner.

Plaintiff filed suit for divorce. Defendant denied the allegations of plaintiff's petition and cross-filed praying for a decree of divorce, custody of two minor children of the marriage, Alan Rhodil (who is now emancipated) and Darren Gale, together with alimony for defendant and maintenance and support for the children.

She also filed a second count but since this appeal is concerned only with the order and judgment of the court touching alimony and support for the children we will not discuss that count.

The court found against plaintiff on his petition and denied him relief thereon. There is no appeal from that part of the judgment. The court found for defendant on her cross-petition for divorce and decreed divorce to her. She was granted alimony of $50.00 per week, plus alimony in gross in the amount of $12,500.00. She was granted custody of the two minor children (Rhodil now emancipated) and support money for each in the amount of $15.00 per week; and she was awarded attorneys' fees in the sum of $900.00.

On June 4, 1970, plaintiff filed notice of appeal and on June 9, defendant filed motion for temporary alimony, for maintenance and support for the two minor children, pending the appeal, for attorneys' fee and suit money, and prayed for an order requiring plaintiff to furnish security for payment thereof. On June 24 the court heard evidence on these matters and overruled the motion for security. There was evidence to the effect that Rhodil was living in another state and supporting himself. The court made no allowance for his support.

The judgment was that plaintiff should pay, as temporary alimony, the sum of $120.00 per week, pending disposition of the appeal; that he should pay to defendant $100.00 as suit money, $500.00 as attorneys' fees for the appeal and $15.00 per week as support for Darren Gale. Plaintiff appealed. These appeals are consolidated and are so briefed.

Both parties are deaf mutes. They were married June 4, 1945, and lived together, with several separations, until July 21, 1968. At the time of trial both were 46 years of age. She had had a hysterectomy, which hastened and caused menopause. She has bursitis in her shoulder. Her legs are weak. She requires frequent injections of hormones and suffers from migraine headaches. She has no special training for employment. She has worked but very little and only at menial labor. The trial judge, in effect, stated that she was not really employable. The records bears out that view. She has no income.

Plaintiff does not deny that he is at fault. He does not deny that he has repeatedly beaten defendant, that he has improperly associated with another woman and that he has brought her into the home for sexual relations. Very little can be said in his behalf as a husband.

The only property that the parties own jointly is the residence in which defendant and her young son reside. This property, according to the evidence, is a rather large house. It was never really finished inside. It is in a bad state of repair and there are unpaid back taxes. The parties themselves built the house. Defendant worked beside plaintiff and his brother in its construction. She contributed money for the purchase of materials therefor, from her earnings at a cable factory. The only valuation that was placed on it was by plaintiff's brother, who stated that its present value is about $20,000.00. It is in need of repair, infested with termites, and the roof leaks. Plaintiff and defendant, after divorce, will own an undivided one-half interest each therein.

Defendant has no income and no prospect for gainful employment, considering her physical condition and nervous state, her handicaps of speech and hearing, and her complete lack of training in any skill. If she should become employed, she would necessarily have to secure the services of a babysitter for the child. Such services would cost, probably, $15.00 per week.

Plaintiff is employed by Kansas City in its transportation department. His yearly salary was shown to be $11,800.00. The total amount of deductions were not shown. However, the evidence is that when he was earning $10,287.00 per year, his "take home" pay was $340.00 every two weeks. Probably his "take home" pay at $11,800.00 per year, would not be over $400.00 each two weeks. (Deductions would include those for state and federal income taxes, city retirement and city earnings tax.) Plaintiff testified to the following monthly cost of living expenses: Food $100.00; Rent $150.00; Auto expense $100.00; Utilities $25.00; Hospital insurance $26.00; Parking 40.00; Life insurance $6.00; Miscellaneous $58.00; Total $505.00.

Defendant listed her present monthly living expenses as follows: House insurance $10.59; Automobile insurance $11.67; Hospital insurance $23.00; Medicines $16.-67; Dental $3.00; Electricity $16.75; Gas $32.00; Water $21.00; Telephone $7.39; Food $160.00; Clothing $66.70; Optometrist $5.50; Nursery school $53.33; Newspaper $3.50; House repairs $15.00; Automobile expense $80.00; Miscellaneous $50.-00; Taxes $35.06; Total $611.16.

If we accept the above figures as accurately reflecting the needs of the respective parties, it is evident that the total net income is not sufficient to meet their cost of living; there is a deficit of some proportion.

■■■ The record indicates that defendant is entitled to be divorced from plaintiff and that she should have the care and custody of Darren. While it is not the mandatory duty of the court to award alimony to a prevailing wife, such an allowance is usually made in the interest of social welfare and justice. when it is reasonable to do so. Reeves v. Reeves, Mo.App., 399 S.W.2d 641, 650. In making such an award the court should consider the "financial status of the respective parties; their incomes, obligations and necessities; the contributions of each to the property accumulated during marriage; the probable future prospects of each; their ages, state of health, and ability to follow gainful occupations; their children and the custodial provisions concerning them; the duration of the marriage and whether it was contracted as one of affection or of convenience; and the conduct of the parties, particularly with regard to the cause of the divorce and the relative or comparative responsibility of each therefor." Reeves v. Reeves, supra.

■■■ In this case, by every applicable rule, plaintiff should be required to pay al-

imony and child support, *within his financial ability and income*, sufficient to maintain the wife and child in somewhat the same style of living as that to which they have been accustomed. Reeves v. Reeves, supra. We find that defendant probably has. no real earning power. Consequently, we may disregard the rule applicable in cases where the wife is physically and mentally equipped to earn at least some part of her own support. However, we will not order plaintiff to pay such sums as will impoverish him and deprive him of the capacity to earn for himself, as well as to earn alimony and child support. His estimate of necessary living expenses is reasonable and, in all likelihood. less than he will actually require in order to maintain himself in a state suitable to his employment. While it was shown that he has, *in the past*, earned modest sums, as a teacher and as an architect, in addition to his salary, the trial court rightfully refused to take that into consideration. Such future earnings are purely speculative.

The trial court awarded attorneys' fees of $900.00 for services below, $500.00 for future attorneys' fees, and $100.00 suit money. Such allowances are reasonable. Alimony pending this appeal was allowed in the amount of $120.00 per week. In view of defendant's need of income to pay, as she did, back taxes and the cost of maintenance of the large house in which she lives, we think such allowance was reasonable, as was $15.00 per week child support.

The court also allowed defendant alimony in gross in the amount of $12,500.00. In view of the total value of the house, which is the chief possession of the parties (defendant owns an undivided one-half of it), we believe that, if all these awards stand, plaintiff will be stripped of everything and will be in debt or bankruptcy. We are mindful that plaintiff will be required to pay his own attorneys' fees and suit costs.

The judgment of the trial court is modified as follows: defendant is granted

a divorce from plaintiff and is granted care, custody and control of Darren Gale, with reasonable rights of visitation granted to plaintiff; defendant is granted alimony in the sum of $60.00 per week, together with support money for Darren Gale in the sum of $15.00 per week; defendant is additionally awarded alimony in gross in the sum of $5,000.00; defendant is granted total attorneys' fees in the sum of $1,400.00, and suit money in the sum of $100.00, and costs.

As modified, the judgment is affirmed.

PER CURIAM.

The foregoing opinion by FLOYD L. SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court.

All concur.