C. E. McM., Respondent,

v.

A. V. McM., Appellant.

No. KCD 26464.

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Dwight L. Larison, Kansas City, for appellant.

Vincent E. Baker, Kansas City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

The meritorious issues on this appeal are whether the trial court erred in awarding respondent $350.00 per month alimony, $150.00 per month each for the support of three minor daughters, and $1,500.-00 attorneys' fees, considering the evidence of appellant's income. The trial court had also granted respondent $12,000.00 alimony in gross, but that award was set aside. Respondent suggests in her brief that the award of alimony in gross be restored to her, but that may not be considered because she did not file a notice of appeal from that part of the final judgment.

Prior to the divorce decree, the parties were separated (on January 12, 1970) and appellant resided with R..C., who bore him two children. Appellant acknowledged that he is the father of these two children. Appellant has since married R. C.

Respondent testified that her necessary living expenses totalled $1,700.00 per month. During-the early part of the parties' marriage she worked as a clerk doing general office work and she has no other

training. Respondent testified that in 1969 appellant told her he would be making between $40,000.00 and $50,000.00, but appellant explained his statement that he told her if he collected all his accounts receivable, sold all his stock and paid all his bills he would have made around $40,000.00 at the time.

The parties owned a family residence upon which was owed $14,000.00. Respondent valued the residence at $30,000.00, appellant at $44,000.00. A savings account of somewhere around $2,400.00 to $2,815.00 was removed from the bank by respondent. She drove the jointly owned 1969 Oldsmobile, and they owned 250 to 350 shares of corporate stock. Appellant has a residence on which he estimates that the equity is $15,000.00 (payments are $282.00 per month). He has a 1967 Chevrolet and a 1970 Chevrolet, clothing valued at $500.00, and household furniture valued at $1,500.-00. He had been paying on a lake lot under a contract for a deed which was in both parties' names, but had not paid on it for some time. The evidence is inconclusive as to the exact values of the parties' joint and separate properties owned at the time the divorce was granted. The real issue is, however, what the evidence reasonably established as appellant's annual income and hence his ability to pay respondent alimony and child support consonant with his income, considering also his additional obligations to his two other children, acknowledged to have been fathered by him.

Respondent's evidence of appellant's income is insubstantial, she having the burden of proof as to the issue. Gruner v. Gruner, 183 Mo.App. 157, 165 S.W. 865 (1914); Bailey v. Bailey, 317 S.W.2d 630 (Mo.App.1958). His income is reasonably established by his tax returns, in which up to 1969, respondent joined in signing. The returns show these incomes: 1961, $5,962.00; 1962, $6,083.61; 1963, $7,322.29; 1964, $8,049.53; 1965, $10,370.-54; 1966, $12,071.55; 1967, $10,512.01;

1968, $8,891.49; 1969, $24,140.39; 1970, $14,054.00; and for 1971, $15,257.00. These figures are for adjusted gross, or taxable, income, and for 1971 the return shows total taxes computed at $2,379.00. Although respondent inferred that appellant cheated on his income tax returns and that there were irregularities in reporting income, she presented no proof of any of those serious charges. The evidence was, contrarily, that appellant's tax accountant used good practices as a C.P.A. It thus appears that at the time of the divorce appellant's available income was about $1,073.00 per month, which must be allocated, as of that time, among respondent and *five* children, since appellant's obligation of support extended also to the two children fathered by him through R. C. It is obvious that the trial court's award totalling $900.00 per month (including about $100.00 per month life insurance premium, ordered to be kept in force without change of beneficiary) amounts to about 84% of appellant's monthly income. If the two additional children were to be treated equally to the previous three, the total amount due (an additional $300.00 per month) would exceed what the evidence shows as appellant's available income of around $1,073.00 per month.

The law is settled that not only must the needs of the wife and the children born of the marriage be considered, but the financial condition of the husband and father at the time of the award must be taken into account. Biggs v. Biggs, 397 S.W.2d 337 (Mo.App.1965). The inquiry is the father's capacity to pay, and both his present and past earnings are evidence of such capacity. Weiss v. Weiss, 392 S.W.2d 646 (Mo.App.1965). Alimony and child support payments should not be imposed beyond the husband's reasonable ability to pay as shown by the evidence. § 452.070, RSMo 1969, V.A.M.S.; Jeans v. Jeans, 348 S.W.2d 145 (Mo.App.1961). Nor should the fact that the husband has been guilty of marital misconduct as the evidence here

shows, be a ground of making an excessive award by way of punishment. Shapiro v. Shapiro, 238 S.W.2d 886 (Mo.App.1951); Schwent v. Schwent, 209 S.W.2d 546 (Mo. App.1948).

Appellant suggests that Coleman v. Coleman, 318 S.W.2d 378 (Mo.App.1958); Kahlert v. Kahlert, 256 S.W. 111 (Mo. App.1923); and Fisher v. Fisher, 207 S.W. 261 (Mo.App.1918) stand for the proposition that no more than 50% of the income of the husband-father's income should be approved for alimony and support payments. What these cases actually stand for, although of some aid, is merely the general rule that there must be evidence upon which to base the decree. More helpful as a general guide is the Missouri Bar CLE on Family Law which cites an ABA Family Support Chart used in Michigan. This source indicates, by interpolation, that support for four dependents should take about 60% of a husband-father's net income. See Butler v. Butler, 262 S.W.2d 330 (Mo.App.1953) where it was said that the court should never place the father "under a burden beyond his ability to carry"; and Sellars v. Sellars, 274 S.W.2d 509 (Mo.App.1955), where the court said that although the amount awarded did not exceed the children's needs, it "might under the existing circumstances destroy incentive and possibly defeat the purpose sought to be accomplished in the end." See also the annotations, "Permanent Alimony—Excessiveness" and "Child Support Award—Excessiveness" respectively, 1 A.L.R. 3d 6, et seq., and 1 A.L.R.3d 382, et seq. Here, 60% of the husband-father's income of $1,073.00 per month would amount to about $650.00.

In the record there is some indication that by reason of appellant's high standard of living, shown by his maintenance of a new residence and expenses therewith attendant, and his ability substantially to meet $1,050.00 alimony and child support pendente lite, he was able to meet the instant award. Funds expended for those purposes are adequately accounted for in the record by some $45,000.00 reduction in the net worth of his carpet business over the months prior to the divorce.

■ The order that appellant keep in force the life insurance policy at a premium of about $100.00 per month stands unchallenged on the ground, for instance, that the order is impermissible under the divorce law existent at the time of the decree as constituting an award of specific property. That order must therefore stand.

■ In this quite apparently long, involved and bitter litigation, respondent had previously been awarded a total of $1,750.-00 as her attorneys' fees. Appellant urges that the trial court erred in awarding respondent an additional $1,500.00 as attorneys' fees for the services of her present counsel who conducted the case to its present termination. The transcript is voluminous; the exhibits many; and it is obvious that counsel spent many hours in preparation and trial. From the evidence that appellant's assets and income substantially exceeded those of respondent, and considered in the light of counsel's services rendered, the award for attorney fees is not excessive, and was within the trial court's discretion. Cascio v. Cascio, 485 S.W.2d 857 (Mo.App.1972); Mortensen v. Mortensen, 469 S.W.2d 852 (Mo.App.1971).

■ The judgment for alimony and child support is reversed and the case is remanded with directions to enter a judgment of alimony to respondent in the amount of $250.00 per month, and for child support for the three minor daughters in the amount of $100.00 per month each. In all other respects the judgment is affirmed.