GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff-Respondent,

v.

Willie SCOTT, Jr., Rosa Lee Scott, Willie Scott, Sr., Defendants and Francis T. Lamkin, Defendant-Appellant.

No. WD 32200.

Missouri Court of Appeals, Western District.

Dec. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1982.

D. James Mariea of Whitlow, Riley, Mariea & Dunlap, P.C., Fulton, for defendant-appellant Lamkin.

Duane E. Schreimann of Hendren & Andrae, Jefferson City, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is a proceeding for declaratory judgment for determination of coverage under an automobile liability policy. The judgment denied coverage. The judgment is affirmed.

Three points of error are presented, which in summary allege the circuit court erred in denying coverage because (1) the policy exclusion was ambiguous and deceptively worded; (2) the finding that the insured's son was a resident of the insured's household was against the weight of the evidence; and (3) the finding that a particular automobile was owned by the insured's son and furnished for the regular use of the insured was against the weight of the evidence.

This cause, having been tried to the court, brings the review thereof within Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will not be set aside unless it was against the weight of

the evidence, unless there was no evidence to support it or unless it erroneously declared or applied the law.

On September 5, 1977, one Francis T. Lamkin, while operating a motorcycle, collided with a 1976 Lincoln automobile. The Lincoln was owned by Willie Scott, Jr., but at the time of the collision was operated by his mother, Rosa Scott.

Rosa Scott, Willie Scott, Jr. and Willie Scott, Sr. are insureds of respondent. Lamkin and the Scotts were joined as original defendants. The Scotts defaulted and are not represented in this appeal. Lamkin challenged the claimed exclusion and is appellant herein. Lamkin is a judgment creditor of Rosa Scott. This proceeding was initiated upon two insurance policies, but appellant does not contest the circuit court's previous ruling as to one of the policies.

A claims adjuster for respondent secured two tape recorded statements. One statement was given by Rosa Scott and the other by her son, Willie, Jr. The circuit court listened to these tapes and the transcription of both was admitted into evidence. These statements revealed the following facts, which are not in dispute: Willie Scott, Jr. received his mail at his parents' home. His parents' home address was used for voter registration, motor vehicle registration and the address on his insurance policies. The Lincoln was kept at the parents' home a large part of the time, as well as a set of keys to the car. There was no dispute that Rosa Scott had ready access to the Lincoln. Additional facts, as they interrelate to appellant's alleged errors, will be developed infra.

■ In his first point (1), appellant alleges that the exclusion clause within respondent's policy relating to nonowned vehicles is ambiguous and because of the wording, is deceptive. Respondent correctly points out appellant's failure to indicate which policy provision is ambiguous or deceptive, and how the circuit court erred in its interpretation of the policy. Respondent urges that appellant has failed to comply with Rule 84.04 because point (1) amounts to nothing more than mere abstract statements of law

and thus preserves nothing for appellate review. The court must admit a lack of clarity in the disclosure of appellant's first alleged error. In his brief, appellant recites two reasons why the exclusion clause is ambiguous and deceptive. First, he declares that "the alleged 'exclusion clause' is deceptively stated because it is omitted from the insuring clauses of the policy and from the labeled exclusionary clauses of the policy and is virtually concealed in the 'definitions' portion of the policy. Secondly, the ambiguity is further aggravated by language under the guise of the definition of 'non-owned automobile' which is confusing and is subject to more than one interpretation."

From the foregoing premise, appellant argues that the construction of respondent's policy is confusing and contains the exclusion in such a place where "the ordinary person would not expect to find and would probably not look for an exclusion". Appellant then proceeds to offer what to him is a more acceptable format for exclusionary language within insurance policies. It appears that appellant's complaint is over the placement of the exclusion clause within the definition portion of the policy. Appellant concedes, however, that such format has been recognized. *State Farm Mutual Auto Ins. Co. v. Western Casualty and Surety Co.*, 477 S.W.2d 421, 423 (Mo. banc 1972).

Appellant continues his argument by stating that "the proper function of a definition is to clarify, but the apparent function of *this* definition of 'non-owned' automobile is to confuse the insuring agreement or to conceal from the lay reader an ambiguous exclusion". Appellant argues that the confusion is compounded by the omission of the exclusion from the exclusionary provision and by the failure of punctuation within the definition phrase.

The particular wording of respondent's policy attacked by appellant is set forth as follows:

"Coverage A—... To pay on behalf of the insured all sums which the insured shall become legally obligated to pay ...

arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, . . .

Persons Insured. The following are insureds under Part I: (a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation of (if he is not operating) or his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger, farm or utility automobile or trailer,"

under the portion of the policy labeled Definitions there appears:

" 'relative' means a relative of the named insured who is a resident of the same household;

.      .      .      .      .

'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;"

This court cannot agree with appellant's contention that the foregoing language is either ambiguous or deceptive. There is no merit to point (1) and it is ruled against appellant.

■ Under points (2) and (3), appellant respectively charges that the circuit court's findings that the insureds' son was a resident of the insureds' household and that the Lincoln automobile was provided for the regular use of the insured were against the weight of the evidence.

The evidence on both points was provided by Rosa Scott, Willie Scott, Jr. and their witnesses. The evidence was conflicting.

The taped statements of Rosa and Willie, Jr. disclosed that Willie, Jr. was living with his parents at the time of the collision. When asked whether he was living with his parents in September, 1977, Willie, Jr. responded, "Right". When he was further asked "When did you first move from home?", he responded, "I moved out the, let's see, this is May, about this date exactly last year. I got married on this date last year." On the issue of providing the regular use of the Lincoln automobile, Rosa was asked, "O.K. Uh, how often did you drive, uh, Willie Scott Jr.'s car?" She responded, "Any time, any time I get the chance to I—." Willie, Jr. was asked, "O.K. Um, how often did your mother drive this car?" He replied, "About as often as she wanted to, I guess you can say." When asked, "O.K. Did she ask your permission any time she wanted to drive it?", he responded, "It was there for the family to drive, she didn't have to ask permission to drive it. She had her own, she has her own set of keys to the car."

At trial, Rosa and Willie, Jr., along with three additional witnesses, offered contradictory testimony on both issues. The evidence as a whole supports the findings of the circuit court on both issues.

■ In receiving the evidence, the circuit court (as the fact finder) is not only required to resolve the factual dispute, but must assess the credibility of the witnesses. Where the evidence is conflicting, the result reached in the trial court is entitled to the deference. *Leonard v. American Walnut Co. Inc.*, 609 S.W.2d 452 (Mo.App.1980). The circuit court, as fact finder, is not bound by the testimony of witnesses and may reject any portion thereof including uncontradicted testimony. *Gover v. Empire Bank*, 574 S.W.2d 464 (Mo.App.1978). The circuit court has leave to disbelieve all the testimony of any witness or to believe part and reject the rest. *Roth v. Roth*, 571 S.W.2d 659 (Mo.App.1978). Under the guidelines of *Leonard, Roth* and *Gover*, it cannot be concluded, although the same is urged by appellant, that the circuit court's

**358**

findings were against the weight of the evidence. Points (2) and (3) are found to be without merit and are ruled against appellant.

The judgment is found not to be against the weight of the evidence, there is evidence to support it and it neither erroneously declares nor applies the law and is therefore in all respects affirmed.

All concur.