**In re the Marriage of Roy Dudley HUETT, Respondent,**

v.

**Clara F. HUETT, Appellant.**

**No. 45268.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 2, 1982.

Leonard Komen, Selner, Hyatt, Glaser, Komen, Clayton, for appellant.

Summers, Compton, Wells & Hamburg, Robert F. Summers, Clayton, for respondent.

CRIST, Judge.

Proceedings to modify child support payments in dissolution decree.

The parties were divorced on December 13, 1979. At that time, the trial court awarded mother monthly child support payments of $250.00 for Janell, born April 9, 1961, and $200.00 for Jeanna, born July 21, 1962. In cross-motions to modify these support payments in 1981, the court affirmed the $250.00 payment for Janell and found that Jeanna was emancipated. We hold Jeanna was not emancipated and therefore find that the original $200.00 payment to her should likewise be affirmed. In all other respects the judgment affirmed.

The sequence of events is important, and is as follows:

8–13–81—Mother filed a motion to modify the December 13, 1979, dissolution decree for additional support money.

9–17–81—Father filed a cross-motion to modify the decree on the ground the children were emancipated.

9–24–81—Mother caused a general execution and garnishment to issue against father's employer for back child support.

10–12–81—Father filed a motion to quash garnishment, and argued again that the children were emancipated.

11–10–81—The garnishment trial court ruled against father on his petition to quash, ruling in effect, the children were not emancipated.

The motions to modify were heard on November 23, 1981, thirteen days after the garnishment trial court had ruled the children were not emancipated. The modification trial court ruled against mother on her motion, but granted father's motion, in part, by ruling Jeanna was emancipated.

Mother appeals. She asserts res judicata on emancipation of Jeanna. She argues Jeanna was in fact not emancipated, she was entitled to an increase in child support and costs and finally, that attorney fees should have been assessed in her favor.

■ The order by the garnishment trial court denying father's motion to quash was a final appealable order. *In re Marriage of Haggard,* 585 S.W.2d 480, 481 (Mo.banc 1979). No appeal was taken from this order. Therefore, the ruling of the garnishment trial court that the child was not emancipated was res judicata as to back child support. There was no evidence to show a change of circumstances in the thirteen days separating the two orders, therefore, we cannot declare the finding of emancipation to be prospective only. Accordingly, we reverse the ruling of the trial court as to the emancipation of Jeanna.

As to the remaining issues, we note generally that credibility of witnesses is for the trial court to assess. *Grinnell Mutual Reinsurance Co. v. Scott,* 628 S.W.2d 355, 357 (Mo.App.1981). We find no abuse of discretion in continuing the same amount of child support for Janell. *See, Plattner v. Plattner,* 567 S.W.2d 139, 142 (Mo.App. 1978). And by the same token, the original amount of child support shall continue for Jeanna.

The trial court did not abuse its broad discretion in assessing costs against mother and by requiring each party to pay his or her own attorney's fees. *Humphrey v. Humphrey,* 597 S.W.2d 673, 678 (Mo.App. 1980).

The judgment of the trial court is reversed insofar as it found Jeanna to be emancipated. Further, in keeping with the finding of emancipation, and based on the evidence adduced at trial, we affirm the original child support award as to Jeanna. In all other respects, the judgment is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.