In the Matter of the ADOPTION
OF R.M.B., Jr.

N.D.W. and J.K.W., Appellants,

v.

R.M.B., Sr., Respondent.

No. 44925.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 9, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

Robert M. Fenlon, Mexico, for appellants.

G. Andy Runge, Mexico, for respondent.

CRIST, Judge.

Adoption proceeding.

The trial court found evidence of statutory neglect on the part of respondent father sufficient to support an order of adoption without his consent under § 453.040(4), RSMo.1978. The trial court withheld approval of the adoption because it was found not to be in the best interest of the 12 year old child as is required under § 453.030.1, RSMo.1978. Mother and step-father appeal. We affirm.

A son was born in lawful wedlock to mother and father on February 3, 1969. Mother was awarded custody, and father was ordered to pay $20 per week child support upon their divorce in 1972. Son has resided happily with mother and step-father since their marriage in 1973. Step-father and son had a close relationship which would continue whether or not the trial court granted the adoption.

Father paid almost no support for son from 1973 until after the filing of the adoption proceeding. He had very little contact with son until 1977 and saw him only a few times thereafter. Father stated this was because mother discouraged his payment of child support. He also testified that mother said "[t]he prerequisite to seeing your son is adoption." Son did receive regular Christmas and birthday cards and/or gifts from the paternal grandparents.

After the filing of the adoption proceeding, father sought to have the divorce decree modified so that he could see son more often. The modification judge found father to be over $6,000 in arrears on child support payments. Father agreed, and was so ordered, to pay $2,500 at that time and $10 per week in addition to regular $20 per week child support payments until arrearages were satisfied. Father maintained regular payments from the time of the order until the trial court proceeding. Father was also granted monthly visitation rights and two week-long visits per year. Father desired to have a father-son relationship.

We cannot quarrel with the trial court's decision to give 12 year old son the better

part of two worlds. Step-father has been an excellent father image, and he will continue to be one, yet son will benefit from contact with his natural father and paternal relatives.

The trial court followed the two-prong test established in In the *Matter of Adoption of G_*, 618 S.W.2d 462 (Mo.App. 1981). After finding sufficient evidence of statutory neglect, it sought to determine whether or not the best interests of the child would be served by the termination of father's parental rights as mandated by § 453.030.1, RSMo 1978. The trial court observed the witnesses and heard their testimony. It is in the best position to establish their credibility. *Grinnell Mutual Reinsurance Company v. Scott*, 628 S.W.2d 355 (Mo.App.1981). Therefore, we will not disturb its findings.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.