**Betty J. CUMMINGS, Respondent,**

v.

**Raymond H. CUMMINGS, Jr., Appellant.**

**No. 45065.**

Missouri Court of Appeals,
Eastern District, Division Three.

Dec. 7, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1983.

Application to Transfer
Feb. 23, 1983.

Ronald J. Kaden, Shaw, Howlett & Schwartz, Clayton, for appellant.

Irl B. Baris, St. Louis, for respondent.

REINHARD, Judge.

Husband appeals from dissolution decree.

The parties were married in 1965 and separated in 1977. They had three children who, at the time of dissolution, were ages ten, seven, and five. Both husband and wife are college graduates. Wife taught school prior to the birth of the first child, and she returned to teaching after the separation. At the time of the dissolution, her gross salary was approximately $18,000 annually. Husband had worked for various employers during the marriage. However, he had had a drinking problem for approximately 10 to 12 years and had been discharged by his most recent regular employer due to his drinking. Prior to that discharge, husband had earned between $24,-000.00 and $28,000.00 annually. Husband had not been regularly employed for the eight months prior to trial. He was living on money from his parents and his girlfriend. Husband admitted having had numerous affairs with women after 1971 and was living with his girlfriend at the time of trial.

The court awarded custody of the children to wife and denied husband temporary custody, but granted him temporary visitation of the children at reasonable times and with reasonable notice to wife. The court ordered husband to pay wife $75.00 per child, per month in child support and $50.00 per month maintenance. Of the marital property, the court awarded wife $20,000.00 in certificates of deposit, $900.00 in a savings account, a small amount in a checking account, a $1,100.00 rental deposit, her retirement benefits, a 1979 Dodge, an antique slot machine, a movie camera, a slide projector, household goods, and jewelry. The court awarded husband a 1952 Bentley

automobile valued at $13,000.00 [1], a 1975 Volvo, valued at $3,000.00 and subject to an $1,100.00 mortgage, a motorcycle, guns, and tools as his share of the marital property. The court set off to wife as her separate property various items of personal property, valued at approximately $6,500.00, and 50 shares of stock in various corporations. The court set off to husband $1,150.00 in separate property. Finally, the court ordered husband to pay wife's attorney's fees and costs totalling $6,227.20.

On appeal husband challenges the award of maintenance, the denial of temporary custody, the award of a disproportionately large share of the marital property to wife, the award of separate property to wife, and the award of attorney's fees. Applying the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we find that only husband's complaint as to the award of attorney's fees has merit.

■ There was evidence at trial that the necessary expenses of wife and children exceeded wife's income by approximately $1,000.00 per month. Husband was unemployed at the time of the decree, but testified that he was being treated for alcoholism, had only had a glass of wine in three weeks, and that, apparently, employment was available for reformed alcoholics. In view of all the circumstances, including husband's prior earning record, we do not find the court abused its discretion in awarding wife maintenance. § 452.335, RSMo.1978; *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App. 1982).

■ The marital assets consisted of approximately $22,000.00 cash, household goods including some antiques, jewelry, two automobiles, the Bentley, a motorcycle, guns, and tools. Admittedly, the court awarded wife a much larger share of the property than it awarded husband. In its findings, the court stated, "because of respondent's misconduct and erratic employment record as a result of his drinking, such assets as have been accumulated and which

are currently held as marital property have been preserved and maintained as a result of the efforts of the petitioner." The record clearly supports the court's distribution of marital property and its award of separate, non-marital property to wife. § 452.-330, RSMo.Supp.1982.

■ Most cases ordering the denial of temporary custody require reversal. Here, however, there was evidence that if husband obtained temporary custody of the children, they would be staying in the house of husband's girlfriend. There was also evidence of husband's drinking and previous trouble between parties regarding custody matters. In its findings, the court stated, "[a]t the present time and because of the age of the children and respondent's conduct, it is not in the best interest of the children for respondent to have rights of temporary custody." We cannot fault the court's denying husband temporary custody in view of husband's present living arrangements and the disputes that arose out of previous custody plans. If the husband solves his alcohol problems and establishes a proper home environment for the children, this order should be modified.

■ The trial court is given wide latitude in the allocation of responsibility for attorney's fees. However, such awards are subject to reversal if there is an abuse of discretion. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979). Wife presented sufficient evidence to establish the amount of fees as $6,179.50, however, that entire amount should not have been assessed against husband. In light of husband's present employment status and the reason therefor, his lack of separate property, and the small amount of marital property set off to him, the decree is modified to require husband to pay $3,100.00 of wife's attorney's fees, and all other provisions of the decree are affirmed.

CRANDALL, P.J., and CRIST, J., concur.

1. Husband testified the Bentley had been wrecked and was, therefore, worth much less than $13,000.00.