**In re Marriage of: Marvin J. REEBER, Petitioner-Appellant,**

v.

**Jean REEBER, Respondent.**

**No. 48113.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 23, 1984.

Homer N. Mastorakos, Chesterfield, for petitioner-appellant.

Leonard J. Frankel, Clayton, for respondent.

KAROHL, Judge.

Petitioner-husband appeals award of maintenance and distribution of marital property in a dissolution proceeding.

The parties were married for twenty-five years. They had two children, one married and the other twenty years of age at the time of the hearing. The award of $300.00

per month child support for one daughter terminated at age twenty-one during the pendency of this appeal. That award was not appealed.

Wife had judgment for $1750.00 per month decretal periodic maintenance. The husband was fifty-one years old and in good health. He claimed that as he was unemployed and without earned income the award of maintenance was unjustified and an abuse of discretion under § 452.335 RSMo 1978. As part of this contention he contends that his forty-eight year old unemployed wife could find employment and earn an income to support herself. We find no abuse of discretion and hold that the award was supported by the evidence.

From 1957 to 1981 husband was a salesman for various companies. He sold chemicals in the early years and after 1966 worked with the airline industry. He was very successful, winning awards for his sales accomplishments and holding managerial positions. He established a good reputation in the industry. In 1975 he voluntarily left the presidency of a subsidiary company of Cessna Aircraft and moved his family to Missouri. His income between 1976 and 1981 was substantial, i.e.: 1976—$56,000; 1977—$88,000; 1978—$61,500; 1979—$64,000; and 1980—$54,000. These figures include some savings account interest income.

In 1981 husband formed his own company dealing with sales in the airline industry. The exact amount of earnings in 1981 and 1982 is unclear because he engaged in various tax avoidance transactions and had an unwritten cooperative agreement with a business acquaintance whereby income and expenses were shared. Some income was transferred or expensed to avoid taxes. It is possible that his earnings were smaller than the previous five years. Wife refused to sign a joint tax return for 1982 because she believed the stated income figures on the return did not accurately report husband's total income. In the decree the trial court found husband's testimony on these matters was not credible.

Husband abandoned the family in Missouri in June 1982 and moved to California. The aviation industry was in the midst of a depression. He claimed he was unemployed but that he had applied for sales manager jobs. There was no evidence that he sought any other employment. Wife described him as a "workaholic" and thought he was working but she had no direct evidence that he was. Although husband's business acquaintance with whom he had the cooperative income and expense agreement had less experience in the industry he acquired a new job in the field.

Wife has a college degree but has been away from paid employment for over twenty years. She has numerous medical and mental disabilities making her unable to sit or stand for any extended period. She does volunteer work most weeks. The evidence supported a finding that she could not support herself.

The issue here is whether the award of maintenance is predicated upon substantial evidence or is against the weight of evidence or erroneously declares or applies the law. *Budzinski v. Budzinski*, 632 S.W.2d 527, 529 (Mo.App.1982). Section 452.335.1(1), (2) RSMo 1978 makes an award of maintenance discretionary providing the spouse seeking maintenance is unable to be self-supporting. The party seeking maintenance has the burden of proof of ability of the spouse to pay maintenance, *see McM. v. McM.*, 506 S.W.2d 14, 16–17 (Mo.App.1974), and any such award must be within a reasonable tolerance of the proof. *Trunko v. Trunko*, 642 S.W.2d 673, 676 (Mo.App.1982).

The question becomes whether proof of husband's good health, past success and demonstrated high earnings together with evidence of his past efforts to "depress" his stated income was adequate to meet the burden of proof showing husband's ability to pay the maintenance. We believe that it was.

This court has repeatedly held that in a proper case the trial court may impute a spouse's earnings from past earnings. In *Klinge v. Klinge*, 554 S.W.2d 474 (Mo.App.

1977) we found no abuse of discretion in the award of maintenance and said, "The husband's *past*, present and *anticipated earning capacity* serve as competent evidence of his ability to pay the amounts awarded (citations omitted)." [emphasis added]. *Id.* at 476. In *Bull v. Bull*, 634 S.W.2d 228 (Mo.App.1982) after stating the established legal principles on this issue we said, "A husband's present and past earnings are evidence of such capacity [to pay]." *Id.* at 229. In both of these cases the husband had proven employment, one as a medical doctor who had apparently voluntarily reduced his practice to parttime work and one who owned the majority of his own close corporation and reduced his own salary. Moreover, in *Cummings v. Cummings*, 645 S.W.2d 146 (Mo.App.1982) we held that even though the husband was an unemployed alcoholic his prior earnings record was sufficient to support the award of maintenance. *Id.* at 148.

■■ It was for the trial court to exercise statutory discretion and we find no abuse on these facts. Husband's testimony that he was unemployed was not supported by testimony that he could not find employment as a salesman. His efforts to find employment were confined to some inquiries about a sales manager's job. Further, the trial court was at liberty to disbelieve husband's testimony and that of his business acquaintance (who found a good job in the industry) that their business arrangement of dividing income had ceased. Husband was residing in California and testified that he had friends in the airline industry in California. Finally, while "unemployed" husband was able to secure a signature loan for $50,000 from a bank. Direct proof of present employment and income is not in itself the only avenue of proof of ability to pay. As noted in *Foster v. Foster*, 537 S.W.2d 833 (Mo.App. 1976) "a court may in proper circumstances, impute an income to a husband according to what he could have earned by the use of his best efforts to gain employment suitable to his capabilities." *Id.* at 836.

■■■ Husband's second point contends there was no proof that 5,000 shares of his solely owned corporation were worth $4.00 per share. These were the only issued and outstanding shares of the company. His evidence was that the shares were worth only their par value of $1.00 per share. He contends that because the court misvalued the stock by $15,000 he received less marital property than he may have received if the stock were properly valued.

We rule this point against husband for several reasons. First, by his own testimony the company was free of debt except to himself and there was evidence that it may be entitled to more than $50,000 either as a refund for "legal expenses" previously advanced to his business acquaintance or one-half of income earned in 1982 by the business acquaintance even though not yet received. The latter sum may be owed because the equal division of assets agreement was in place when the business acquaintance sold airplanes in 1982. This evidence more than supports a finding of the value of $4.00 per share. Second, a fair distribution of marital property does not depend on an equal division, *In re Marriage of Dusing*, 654 S.W.2d 938, 946 (Mo.App.1983) and there is no basis in the record to believe that the valuation contended would cause a different division of such property. The wife received the marital assets located in Missouri and the husband received the balance except wife was given $18,823 of a $28,823 bank account husband opened in a Colorado bank before he left Missouri. These funds constitute what remained of the $72,000 in marital savings the husband appropriated when he left Missouri. There is no support for husband's contention that the division of marital assets would be any different if the trial court accepted husband's valuation of his corporation's stock. Point denied.

The dissolution decree is affirmed.

REINHARD, C.J., and CRIST, J., concur.