**Patricia Ann (Stepp)
STREET, Appellant,**

v.

**Nolen Asroe STEPP, Respondent.**

**No. WD 41994.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1989.

John E. Chick, Jr., Kansas City, for appellant.

Richard E. McFadin, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

This is an appeal by the mother of six-year-old Rebecca, from the trial court's ruling on the mother's and father's mutual motions to modify a dissolution decree with respect to (1) child support to be paid by the non-custodial father to the custodial mother; (2) restrictions on father's permit-

ted activities with child during visitation; and (3) the allowance of attorney's fees to mother.

The original motion was filed by the father requesting among other things relief from a restriction in the original decree that "he will not at any time, unless further ordered by the court, take the child to a body of water for fishing, etc., during visitation". Rebecca was three years old at the time the decree was granted on June 25, 1985, and was six years old at the time of the hearing on the motions to modify.

■ The trial court after hearing lifted the foregoing restriction by the following language in his order:

Respondent may take the said minor child boating, fishing, and to bodies of water during visitation and temporary custody, and respondent shall follow safety procedures. Respondent shall not take the said minor child on any Pro Bass Fishing Tournaments, but may take her on father-daughter tournaments and fishing trips.

This modification by the trial court is within the trial court's discretion. The child, three years old at the time of the decree, was six years old at the time of the modification. Father is a semi-professional bass tournament fisherman. He does not wish to take Rebecca with him on bass fishing tournaments, but on father-daughter fishing tournaments. He assured the court in his testimony that he would take the child on water only in a safe water vehicle, would expose her to no dangerous conditions, and that she would always wear a life jacket. The father, although he apparently could not swim, had taken water safety courses. Rebecca has taken swimming lessons and according to her mother, is able to swim "a little".

■ The father was required by the original June 25, 1985 decree to pay child support in the sum of $350 per month. Mother in her motion to modify requested an increase in the amount, and appeals from the trial court's denial of an increase. The mother takes the child as a deduction for federal and state income tax purposes. Father in addition to the $350 per month child support pays Rebecca's medical bills, including $50 per month medical insurance premium. Father continues to pay child support without abatement during the periods when the child is visiting him.

At the time of the June 25, 1985 decree husband's income was $24,000 per year with expenses of $2,710 per month. His 1988 income from his employment as a carpet salesman, net of employee business expenses, was $2,504 per month, while his expenses (above the employee's business expenses) were $2,937 per month. His non-business expenses included monthly installment contract payments of $2,350 and the $350 child support payment.

Rebecca's needs have no doubt increased. The mother's figures introduced at the motion hearing indicate monthly support expenses for the child of $717. This represents roughly one-third of the total expense of the household, which household consists of the mother, her husband, Rebecca, and an infant of seven months. The mother was not employed outside the home at the time of the hearing. We gather she had been employed until sometime before the birth of her seven-month-old child, and she testified that she expected to return to employment later. At the time of the 1985 dissolution decree she had been employed at $150 per week as a carpet salesman.

The trial court was obliged to take into account all factors bearing upon the reasonableness of the $350 per month child support being paid by the father, and was to modify the same "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370.1, RSMo Supp. 1988. In determining whether a substantial change in circumstances has occurred, the court shall consider "all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse . . ., and the earning capacity of a party who is not employed." Section 452.-370.1, RSMo Supp.1988.

We are unable to say that the trial court's refusal to modify the decree with

respect to child support was not within his discretion. *Huett v. Huett*, 643 S.W.2d 840, 842 (Mo.App.1982); *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App.1979).

■ The court declined to allow the wife any of her attorney's fees, which at the end of the trial totaled $2,208.50. While the court has broad discretion in allowing or denying attorney's fees, *Cummings v. Cummings*, 645 S.W.2d 146, 148 (Mo.App. 1982); *In re Marriage of Brewer*, 592 S.W.2d 529, 536 (Mo.App.1979), we conclude in view of the father's superior earning capacity, and the mother's slender means, that the trial court should have awarded the mother $1,000 of her attorney's fees for the trial and appeal. In our power to enter the judgment which should have been awarded by the trial court, we hereby order that the wife be allowed the sum of $1,000 for her attorney's fees and litigation expenses on the trial and appeal.

With the modification with reference to the attorney's fee allowance, the judgment of the trial court is affirmed.

Respondent's motion for damages for frivolous appeal is denied.

All concur.