E.C. LEMON, Respondent,

v.

Patricia LEMON, Appellant.

No. 43996.

Missouri Court of Appeals,
Western District.

Nov. 19, 1991.

Sharlie Pender, Kansas City, for appellant.

James R. Piedimonte, Independence, for respondent.

Before LOWENSTEIN, C.J., and FENNER and ULRICH, JJ.

LOWENSTEIN, Chief Judge.

In 1990 the respondent E.C. Lemon sued his former wife Patricia Lemon for breach of contract and for partition of real property and accounting, all based upon a property settlement agreement they had entered in conjunction with a 1988 decree of dissolution. Patricia filed a cross-petition to divide omitted marital property, for abuse of process, and for relief from a prior judgment. The breach of contract suit was resolved in favor of E.C., the trial court awarding him sums for personal property covered by the settlement agreement, dividing the proceeds of the real estate per the agreement and proceeds of personal property not covered by the agreement, and denying Patricia's cross petition for abuse of process and relief from prior judgment. Patricia has filed this appeal arguing the following points: 1) the court abused its discretion and violated the code of judicial conduct in entering the judgment because the decree was prepared by E.C.'s counsel without Patricia's knowledge or input, 2) insufficiency of the evidence, and, 3) the trial court erred in denying Patricia's abuse of process claim, since the breach of con-

tract suit was a procedurally incorrect manner of enforcing the property settlement agreement. E.C. has requested frivolous appeal damages from the appellant.

This case is based entirely upon the alleged failure of the Patricia to fulfill the terms of the 1988 property settlement agreement ("agreement"). Prior to this trial, the real estate which comprised the bulk of the marital property was sold, so E.C. dismissed the partition action. The agreement terms applicable to this suit and appeal, and considered by the trial court, are:

* Patricia to release all interest in guns, tools, and respondent's pension;

* machinery and cattle to be sold and proceeds divided equally;

* real estate to be sold, first $10,000 to Patricia, balance divided equally; taxes and insurance prior to sale divided equally.

The facts of this case revolve around sales of property that occurred in a roughly two-year period beginning shortly before the decree of dissolution was entered in October of 1988. The court made specific and clear findings in its judgment entry. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), governs appellate review of a court-tried case. Although Patricia is not happy with the findings by the trial court, it had every right to draw the conclusions it did from the evidence before it. Neither party appears to be a careful record-keeper, and the facts of various sales were pieced together from testimony by E.C., Patricia, and buyers, with varying degrees of harmony. Though confusing, the underlying facts will now be recounted. The trial court, relying on competent evidence, found three guns had been sold by Patricia without reimbursing E.C. in full; one gun was to remain a gift from both E.C. and Patricia to their son; certain machinery had been sold without Patricia paying E.C. his half share; some cattle had been sold without E.C. receiving his half share; E.C. should share equally in proceeds from horses and tack omitted from the agreement; E.C. should receive a share of hay and fescue proceeds omitted from the agreement; Patricia had intelligently waived her rights to E.C.'s pension, and would receive the $10,000 agreed upon, out of the entire real estate proceeds; Patricia would receive reimbursement for taxes, etc., paid on the real estate prior to sale, out of the entire real estate proceeds; the remaining real estate proceeds to be divided equally between Patricia and E.C., as per the agreement.

The judgment itself was prepared by E.C.'s counsel at the request of the trial court. Patricia was unaware the judgment had been prepared by opposing counsel until this appeal was initiated.

*"Ex parte" preparation of decree*

■ Patricia first argues that E.C.'s counsel's preparation of the text of the judgment is an *ex parte* communication, since she was not served with a copy, nor given the right to submit an alternative text. The court sees no error in the trial court's action. When the judge requested counsel to prepare a draft of a judgment, the ultimate decision and award must have already been made by the judge, so this does not involve *"ex parte* influencing" of the decision as contemplated by Canon 3 A(4) of the Code of Judicial Conduct. Nor does the text of a proposed judgment fall within the strictures of Rule 43.01, which requires service on opposing counsel. In fact, the twenty-seventh circuit's local rule 54.1 recognizes a customary practice in stating "[u]nless otherwise ordered, the attorney for the prevailing party shall prepare and submit the form of judgment entry to opposing counsel and to the Court for its approval."

■ The judgment itself is signed by the judge and stands on its own as a legal document, notwithstanding preparation by the prevailing party, or even failure to submit to opposing counsel. The rendition of the judgment is the judicial act of the court, *In re Marriage of Huey*, 716 S.W.2d 479, 480 (Mo.App.1986), and the mode of preparation under these facts is irrelevant. The point is denied.

### Abuse of discretion and evidentiary support for the judgment

■ Patricia's second point on appeal is that the trial court erred in issuing the judgment because it was not supported by the evidence and constituted an abuse of discretion. The facts as found by the trial court, supported by competent sworn testimony, by the signed property settlement agreement, and by admissions of Patricia on the witness stand, entirely dispose of her argument. Under the standard of review there is simply no evidence to justify an appellate court to reach conclusions contrary to those found by the trial court in this case, nor is there the slightest suggestion of an "abuse of discretion." This court is unclear as to what Patricia sees as discretionary in the judge's actions; a trial judge has no "discretion" to enter a judgment or not, and the decision as fact-finder to believe E.C. rather than Patricia is also not a "discretionary" act. The only question here is whether the judgment is supported by substantial evidence, or is against the weight of the evidence.

The trial court did not err in its judgment entry in any way, and indeed came to a fair, just, and logical division of the property at issue in the suit given the evidence before it. The trial court carried out the letter of the property settlement agreement by taking Patricia's $10,000 retirement reimbursement out of the total $85,214.28 proceeds of the real estate. By then subtracting the $2,000 Patricia spent in taxes and insurance on the real estate prior to sale, the court assured that each party would be paying one half of those expenses, as directed by the agreement. The trial court then divided the real estate proceeds in half, subtracting from Patricia's share E.C.'s judgment for guns, horses, tack, hay, fescue, and machinery.[1] Patricia's theory of distribution, that her judgment to E.C. be subtracted from the whole of the real estate proceeds, would lead to the novel situation whereby a party actually pays one half of his or her own money award. This court, under *Murphy v. Carron*, may not reverse a logical and fair result with substantial facts supporting it, and the second point on appeal is denied.

### Abuse of process

■ Patricia's final point is that the trial court erred in denying her abuse of process claim. Again, this is a court-tried case, and the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), applies. Although she claims that the property settlement agreement is not a contract, Patricia has offered no evidence to show otherwise, or to show that E.C. pursued the wrong remedy. Hence, even the first prong of abuse of process, illegal and unauthorized use of process, *see Kopp v. Franks*, 792 S.W.2d 413, 424 (Mo.App.1990), is unsupported by evidence. It is unclear how Patricia's argument that she did not breach the alleged contract factually supports an abuse of process claim. The trial court's determination that Patricia's abuse of process claim was without merit is abundantly supported in fact and law, and will not be disturbed on appeal. The point is denied.

The respondent's motion for damages under Rule 84.19 is denied. The judgment is affirmed.

---

1. The real estate proceeds, $85,214.28, decreased by $12,000 (Patricia's pre-division awards), leaves $73,214.28. Dividing this remaining amount in half gives each party $36,607.14.

| Patricia's award: | | | |
|---|---|---|---|
| | | $ 2,000.00 | (taxes, etc.) |
| | + | $ 10,000.00 | (retirement interest) |
| | | $ 36,607.14 | (½ real estate proceeds) |
| | | $ 48,607.14 | |
| | − | $ 9,650.00 | (judgment for E.C.) |
| | | $ 38,957.14 | = TOTAL |

| E.C.'s award: | | | |
|---|---|---|---|
| | | $ 9,650.00 | (judgment for E.C.) |
| | + | $ 36,607.14 | (½ real estate proceeds) |
| | | $ 46,257.14 | = TOTAL |