Judith Winifred **ROBERTS**, Appellant,

v.

Warren Austin **ROBERTS**,
III, Respondent.

**No. WD 45666.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1992.

Clem W. Fairchild, Kansas City, for appellant.

Rebbecca Lake Overman, Independence, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

Appellant wife says the court's dissolution decree erroneously fixed the amount of child support payable by respondent husband for the support of their child; erroneously provided for distribution of wife's non-marital property by requiring payment from marital property; and erroneously distributed marital property to wife's disadvantage.

Husband and wife were married February 19, 1979. Their only child, a son, was born February 12, 1987 and was four years

old at the time of the trial. The custody of the child was given to wife.

Husband, a heating and air conditioning engineer, is the sole stockholder of Roberts Engineering Company, a corporation, and its only employee. His specialty is designing heating and air conditioning systems for maximum efficiency by use of computers. He quit his $45,745–per–annum job with Burns & McDonnell, an engineering firm, in 1985, and formed Roberts Engineering Company. His self-employed income has never approached the amount he was earning as an employee of Burns & McDonnell.

Wife says the court, in fixing the amount of child support, should have imputed to husband his potential earnings, which she suggests was the income he was earning in 1985 as an employee of Burns and McDonnell. We reverse a court-tried civil case only if there is no substantial evidence to support the judgment, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ Husband changed from employed to self-employed (as we shall call it, though technically husband was an employee of his solely owned corporation) for reasons which were satisfactory both to husband and wife in 1985. The change enabled him to specialize in work which was of most interest to him. Self-employment was more satisfying to him than work for another. It was not a change which underutilized his talents, education or experience. There is no hint he made the change to avoid responsibility or with any unworthy motive. These circumstances distinguish this case from *Reeber v. Reeber*, 680 S.W.2d 358 (Mo.App.1984), and *Hogrebe v. Hogrebe*, 727 S.W.2d 193 (Mo.App.1987). We cannot convict the trial court of any abuse of discretion in declining to impute the husband greater income than he was earning in self-employment.

■ Wife's second point is this: that the trial court did not correctly compute husband's earnings from his corporation. We have concluded wife has a good argument here. The trial court took as husband's 1990 income from his corporation the sum of $10,000. Actually, husband's salary from the corporation, according to the corporate tax return, was $15,000 for 1990. In addition to the salary, however, he had contributed $1,500 to a retirement plan for himself, and had reimbursed himself $746 in uninsured medical expenses.

Civil Procedure Form 14, "Presumed Child Support Amount", instructs: "Income, expenses and retained earnings should be reviewed to determine gross income. This amount may differ from a determination of business income for tax purposes." Husband had control of the allocation of available cash of the corporation as among wages or salary and other benefits. The corporate curtain hides nothing from the court when a corporate shareholder-employee's obligation for support and maintenance is concerned. There was available to him from the gross receipts of the corporation, for the payment of his own living expenses and for the support of his child, the salary of $15,000, to which should be added the retirement fund contribution of $1,500, and the medical expense reimbursement of $746. The total is $17,246.

Husband's income also included, according to the trial court's findings, rental of $11,000 and interest and dividends of $3,000, to be added to earnings from his engineering work. Neither party criticizes the amounts of the rental and interest and dividend income.

With the revised figure for husband's engineering income of $17,246, husband's total gross income for Form 14 is $31,246, or $2,603.83 per month. Wife's annual income was $16,200. The child support payable by husband is then 66 percent of the total monthly cost of child support ($540), or $356.40. Judgment will be entered for that amount.

■ Wife during her marriage to husband inherited $22,313.50 from her mother, as well as some corporate stock. She entrusted the cash to husband to manage. Husband kept an account of the fund, but the funds were commingled with other

moneys belonging to the parties in a Merrill Lynch cash management account. The funds were dissipated. Husband's explanation was that there were substantial losses on investments, and a good deal of the money was used for household expenses when the parties were in financial straits.

The trial court awarded to wife as her separate non-marital property the sum of $22,970.00, the amount shown as the balance by husband's accounting of the cash he had received from wife for management. The court ordered this sum paid to wife out of the proceeds of the sale of the parties' marital property residence, with the balance of the proceeds to be divided equally between the parties.

Wife complains about repaying her non-marital property out of marital property, in which she has a half interest. She says she should be paid out of husband's half. She cites *Lemon v. Lemon*, 819 S.W.2d 94 (Mo.App.1991), as support for her argument. In the case before us, though, there is no evidence husband used the wife's non-marital funds for any purpose of his own. Part of it he lost, he said, by unfortunate stock purchases and sales. Much of it went to pay household expenses for the benefit of the family. At one point, he transfused the account with $6,500 from Roberts Engineering Company to build up wife's cash. The trial court was within its discretion in ordering wife's non-marital property restored in full from the proceeds of the sale of the residence. The effect of this provision is that wife is fully restored to her original position, although half comes from her marital share of the residence. Appellant hypothesizes that the net value of the residence is $90,000. From that, under the formula of the trial court's decree, wife would receive $56,485, including her $22,970 non-marital property, and husband would get $33,515.

■ Wife complains that the court valued 1,500 shares of Roberts Engineering Company at zero; she says it should have been valued at $4,347.60. Roberts Engineering Company had assets worth $4,347.60, but it owed promissory notes totalling $12,515.96. It had a negative net worth of $8,168.36. These notes were treated as marital property and were owed to husband personally. They were awarded to husband at their face value. Wife has no ground for complaint about the trial court's valuation of Roberts Engineering Company at zero.

■ Wife says the court erred in setting over to husband a certain IRA account of husband, established in 1983, in the sum of $4,870. Husband's IRA account had grown to $16,990 at the time of the dissolution, but there is no argument that the increase above the original $4,870 was marital property. Assuming the original $4,870 was marital property, as wife contends, we still will not disturb the trial court's provision. If we add half the $4,870 ($2,435) into wife's share of marital property, and the other half into husband's share thereof, wife's total share of marital property (not counting property ordered sold and the proceeds divided equally) is $100,690, and husband's $95,636. Husband's share, it should be noted, includes the Roberts Engineering Company note at its face value of $12,515.96. We are not able to follow wife's arithmetic which comes up with husband's share exceeding wife's share by 18 percent.

The judgment for child support is changed from $284 per month to $356.40 per month, retroactive to date of filing petition. The trial court is directed to enter judgment accordingly. In all other respects, the judgment is affirmed.

All concur.