Helen V. (Wagner) HUGHES (Plaintiff),
Appellant,

v.

Wayne WAGNER (Defendant), Respondent.

No. 29658.

St. Louis Court of Appeals.
Missouri.

June 4, 1957.

Josephus M. Todd, Louis E. Zuckerman,
St. Louis, for appellant.

Charles R. Oldham, Fred M. Nelson, St. Louis, for respondent.

ANDERSON, Judge.

This is an appeal by plaintiff, Helen V. (Wagner) Hughes, from an order of the Circuit Court modifying a divorce decree with respect to the allowance for support and custody of the minor child of the parties.

Plaintiff obtained a decree of divorce from the defendant in the Circuit Court of the City of St. Louis on August 5, 1953. By said decree plaintiff was awarded the general custody of the child, Georgia Carrol, then three years of age, and an allowance of $12.50 per week for the child's support and maintenance. The defendant was granted temporary custody on alternate Fridays, from 7:00 p. m. until 9:00 p. m., and one week-end each month from 10:00 a. m. Saturday until 6:00 p. m. the following Sunday.

On November 21, 1955, defendant filed his motion to modify the decree, praying that the court reduce the allowance for child support from $12.50 per week to $10 per week, and that he be given temporary custody of the child on alternate Thanksgiving and Christmas holidays, and during the summer months when the child was not attending school.

At the trial, defendant withdrew his request for a reduction in the allowance for child support. While defendant was on the stand the following occurred:

"Q. Mr. Wagner, when we filed this motion to modify divorce decree at that time you asked for reduction in the allowance awarded to your child, which was $12.50 per week? A. Yes, sir.

"Q. Do you want to withdraw that portion of the motion at this time? A. Yes, sir, I will withdraw it.

"Q. You don't want to reduce the allowance so far as the child is concerned? A. No, sir."

The parties were married June 7, 1947, and thereafter lived together until they separated August 15, 1952. One child was born of the marriage, a girl, Georgia Carrol. In May, 1954, defendant moved to Ludington, Michigan, where he still lives. Plaintiff lives in Granite City, Illinois. Both parties have remarried. Defendant has another child by his present wife, a girl, 15 months old at the time of the hearing below. Plaintiff has a son by her second marriage, about 14 months old at the time of the trial.

Defendant, by occupation, is a cook. He works on a ferry boat of the C. & O. Railroad which travels the Great Lakes. His duties are the preparing of meals for the boat's crew. The boat makes scheduled runs from Ludington, Michigan, to Kewanee, Manitowoc, and Milwaukee, Wisconsin. Defendant is at home mornings and evenings. He works twenty days in a row, and then is off eight days.

Defendant, with his present wife and their child, lives upstairs in a two-story house. They have four rooms. The house is owned by defendant's mother-in-law. The mother-in-law and father-in-law live downstairs. Ludington is a resort town. Two blocks from defendant's home is a beach containing playground equipment which is supervised by city employees.

Defendant's present wife does not work and is home all day. She belongs to a church and sings in the choir. She and defendant have prepared a separate room for Georgia to be used by her in the event defendant was given temporary custody. Defendant's wages are as follows: From January to April, $66 per week; from April to September, $74 per week; and from September to December, $66 per week.

Since filing his motion to modify defendant has been regular in his payments of $12.50 per week for the support of the child. Prior to that time he paid only $10 per week. At the hearing, the court found

that defendant was in arrears in his payments in the amount of $300. Defendant testified that since the divorce he had given clothes and toys to the child on numerous occasions. Since moving to Ludington defendant has been unable to avail himself of the visitation privileges given him in the decree. He has, however, had temporary custody on two occasions. When he first went to Michigan he was allowed to take the child there on a visit which lasted about ten days, including the time spent going and coming. On another occasion he came back from Michigan and had custody from Friday afternoon until Sunday night. On that occasion defendant took the child to his mother's home. His mother lives at Percy, Illinois.

Plaintiff testified that when the little girl returned from the Michigan trip she was emotionally upset. Defendant testified that the child seemed to have a very nice time on this trip and did not appear to be emotionally upset or disturbed by it. Defendant testified that what he would like the court to do was to permit him to have the child during the summer months, and alternate Christmas and Thanksgiving holidays. He stated: "One of the main reasons I request to take the child to Michigan, I love her very much, and like for her to know me just as well as she knows her mother when she grows up, so I can show her some affection like I think I could give her."

Defendant's present wife, Joanne, testified at the hearing below. She stated that she was willing to take care of the child during any period of temporary custody. She also stated:

"Before we were married we used to pick her up and go down to his folks for a week-end; and then after we were married we used to take her down there with us, and took her up to Michigan for about ten days. * * * As far as I know she liked me, and I know I liked her very much, and we got along very well together.

\* \* \* \* \* \*

"Q. Now, you'd be willing to give the same care to Georgia as you would give to your own daughter? A. Even more, because my daughter doesn't need as much attention, I don't think, she's younger. * * * Every Sunday morning I sing in the choir, and on Thursday I go to choir practice; on Wednesday nights during Lent we have family suppers—I help out; I belong to a church circle."

On March 30, 1956, the court entered an order modifying the decree, the material portions of which are as follows:

" * * * the defendant shall have temporary custody of Georgia, the minor child of the parties, upon the following conditions:

"1. When the health of said child will permit.

"2. For any twenty-one day period between July 1 and August 20, 1956, 1957 and 1958, to be selected by defendant by letter to plaintiff not later than June 15th of each of said years.

"3. For any twenty-eight day period between July 1 and August 30, 1959, and thereafter, to be selected by defendant by letter to plaintiff not later than June 15th of each of said years.

"4. After said minor child Georgia reaches the age of twelve years, defendant's temporary custody may be increased to a longer period of time up to seven weeks during the school vacation period by agreement between plaintiff and defendant and with the consent of said minor child, until the further order of the Court.

"It is further ordered, adjudged and decreed by the Court that the plaintiff have and recover of the defendant, as and for the support and maintenance of said minor child, the sum of $50.00 per month, until the further

order of the Court, payable on the 20th day of each month from January to June, and from September to December inclusive, and the first payment to be due on April 20, 1956; and in the event that defendant fails to take temporary custody of said minor child as herein provided, then defendant shall pay plaintiff an additional $50.00 for child support for each of the months of July and August in such year when the defendant does not take temporary custody of said child; and said defendant shall be responsible for the cost of transportation of said minor child from plaintiff's home to defendant's home and return during the periods of temporary custody, until the further order of the Court.

"It is further ordered, adjudged and decreed by the Court that the plaintiff also have and recover of the defendant as and for attorney fees, the sum of $100.00 payable forthwith.

"It further appearing to the satisfaction of the Court that defendant is now in arrears in the amount of $300.-00 to plaintiff as and for support and maintenance of said minor child, doth order and adjudge that said arrears be paid as follows: September 1, 1956, 1957, 1958, 1959, $75.00."

■ Appellant's first point is that the court erred in modifying the decree by reducing the award for child support from $12.50 a week to $50 per month. In support of this contention it is urged that said order was beyond the issues tried and submitted. The point is well taken.

■ During the trial, defendant withdrew that portion of his motion which sought relief by way of a reduction in the amount of child support and the cause proceeded solely on the issue of temporary custody. Where a court attempts to adjudicate a question outside the issues raised and submitted, the judgment is to that extent void. Clark v. Clark, Mo.App., 300

S.W.2d 851; Lambert v. Lambert, Mo. App., 222 S.W.2d 544; Poole v. Poole, Mo.App., 287 S.W.2d 372; Dickey v. Dickey, Mo.App., 132 S.W.2d 1026.

It is next urged that the court erred in modifying the decree with reference to the time for payment of support money then in arrears. This point is also well taken.

■■ The authority to modify or amend a judgment awarding alimony and maintenance must be found in the statute or it does not exist. Section 452.070 RSMo 1949, V.A.M.S., provides that, where a divorce has been adjudged, the court, on application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper. There is nothing in the language of the act which expressly confers upon the court power to revoke or modify an installment of alimony or maintenance accrued prior to the filing of an application, and every reasonable implication must be drawn against the existence of such power in the absence of clear language manifesting an intention to confer it.

■ Our Supreme Court had before it this same problem in Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066, 1069, with respect to a judgment for alimony. In that case the court pointed out that alimony judgments are debts of record, subject to the same incidents as other judgments, and are res judicata as to all conditions or facts existing at the date of their rendition. The court then said:

"As to the state of the case existing when entered, they are final and cannot be set aside or annulled, except for mistake or fraud as in the case of other judgments. The husband has the right to act in reliance on the finality of the award determining the extent of his obligations. (1 R.C.L. § 194), and it follows as of course that the wife has a correlative right.

"As a judgment for alimony from year to year is subject to the same incidents as other judgments rendered in actions at law, and as it is in its essence compensation awarded in redress of a legal injury, it must be held on principle that the wife has therein, as she would have in any other money judgment rendered in her favor, a property right which vests as the installments accrue. It follows that the court rendering such judgment has no power subsequently to impair or destroy a right so vested without the wife's consent. * * * If not otherwise impelled thereto, we would be constrained to hold for reasons of public policy alone that the courts of this state have no power to revoke or modify an installment of alimony which has accrued prior to the making of an application therefor."

 The principles announced in the foregoing case are applicable to judgments for support and maintenance. In the case at bar the amount of accrued maintenance was a debt due from defendant to plaintiff. The latter had a vested right therein, which the court could not impair by postponing its payment.

Finally, it is urged that there was no change of condition shown which would warrant a modification of the custody provisions of the original decree. We have carefully examined the transcript and have concluded that there is no merit to the contention made. There was a change of condition of the parties which, in the best interest of the child, calls for a modification of the decree by giving temporary custody to the father at the times specified in the order appealed from. It appears from the evidence that the father, by reason of having moved to Michigan, is not in a position to enjoy the restricted visitational rights of the original decree. He has since remarried and established a home where the child's needs can be adequately cared for during the periods of temporary custody. It also appears that the child has arrived at an age where she would benefit by association with her father. In our opinion, the trial judge, who saw the parties and observed their demeanor during the trial, did not abuse his discretion in making the order with reference to temporary custody.

The judgment of the trial court in this case in so far as it modifies the decree with respect to temporary custody and in granting plaintiff an allowance for attorney's fee, is affirmed; in other respects, the judgment appealed from is reversed and the cause is remanded with directions to modify the decree so as to conform with the views herein expressed.

RUDDY, P. J., and MATTHES, J., concur.