**Walter HICKEY, Jr., Appellant,**

v.

*Edwina Kidd HICKEY, Appellee.*

Court of Appeals of Kentucky.

Oct. 9, 1964.

Don B. Mills, Barbourville, for appellant.

Carlos B. Pope, Barbourville, for appellee.

THOMAS A. BALLANTINE, Jr., Special Commissioner.

Appellant, Walter Hickey, Jr., seeks reversal of a judgment of the Knox Circuit Court by which he was ordered to pay $8500.00 in lump sum alimony to appellee, Edwina Hickey.

No useful purpose would be served by a lengthy review of the evidence introduced before the Chancellor, and we deem it sufficient to adopt the findings of the Chancellor that a series of trivial incidents coupled with appellant's penurious disposition pro-

duced a climate in which the marriage could no longer survive.

The only question presented to us on appeal is the propriety of the Chancellor's finding that appellant should pay lump sum alimony in the amount of $8500.00. A brief review of the evidence concerning the appellant's assets is necessary.

The parties were married in 1947 and lived together until March, 1962. During their marriage, appellant-husband was employed as an electrical contractor. While he suffered occasional lay-offs, it appears that his employment was fairly steady and his income was adequate to enable appellee and him to purchase a home in Corbin in 1952. The consideration for the home was $6900.-00 and this had been fully paid at the time of the separation. It is not disputed that appellee had no estate of her own and that the entire purchase price for the home was paid by appellant from his earnings. At the time of the separation of the parties, the house was valued at $6400.00 and neither party questions this valuation. Appellant also owned a Buick automobile valued at $1800.00 and a pickup truck valued at $750.-00. At the time of the separation, appellant also had about $11,000.00 in the bank at Corbin. His total estate was reckoned at about $20,000.00.

By the time of the trial, the money in the bank had been withdrawn and appellant contended that he had used the money to repay a loan made by his father to him some five years before. The loan was said to have been in the neighborhood of $10,000.00. When asked the purpose of the loan, appellant contended that it was to pay "some personal bills." When pressed to name the creditors to whom he paid it, he refused to answer or to name any creditor, but he did state that none of the bills was "real big." He testified that his wife knew nothing of the loan and that he did not tell her of it "because there was no trust there."

The evidence also shows that in June after the parties separated in March, appel-lant executed mortgages on the automobile and the truck to his father.

Appellee, testifying in her own behalf, stated that at about the time of the purported loan, "his father also told us that he was so far in debt that he would never get out, because of his wife's illness before she died."

■ We agree with the Chancellor's finding that there was in fact no loan from appellant's father and that the transfer of funds to the father was made with the sole intent of defeating the wife's claim.

■ Appellant urges that we follow the rule of thumb announced (but not followed) in Oldham v. Oldham, Ky., 259 S.W.2d 42, and reduce the lump sum alimony to one-third of the appellant's estate. The Oldham case leaves such matters largely to the discretion of the Chancellor, directing that various circumstances be considered in reaching a determination, among which are the ages and earning capacities of the parties. In the case before us now, the record shows that appellant is employed in a well-paying trade, earning at least $3.00 per hour, and perhaps more, while appellee is employed at DuPont Lodge, earning $1.00 per hour, from which she must pay her transportation to and from her home in Corbin. We believe that the Chancellor has taken the various circumstances into consideration in arriving at the lump sum figure of $8500.00. We believe that his ruling is not erroneous, considering the total value of appellant's estate to be in excess of $20,000.00.

■ Appellant also urges that he is entitled to credit for $1000.00 alimony pendente lite which he has paid pursuant to an order of the circuit court. The contention is without merit because the Chancellor is not required to give credit for this payment. Hicks v. Hicks, Ky., 290 S.W.2d 483. Presumably he gave consideration to it, along with all other appropriate factors, in fixing the amount of permanent alimony. To the extent that Oldham v. Oldham, Ky., 259

**116**

S.W.2d 42 and Wheeler v. Wheeler, Ky., 238 S.W.2d 1001 are in conflict on this point they are overruled. It is evident from the record that the amount awarded as lump sum alimony is reasonable and consequently it will be presumed that all proper factors were considered in this case.

It is recommended that the judgment be affirmed.

The opinion is approved and the judgment is affirmed.