**Billy Leon BARRIGER, Appellant,**

v.

**Betty H. BARRIGER, Appellee.**

Court of Appeals of Kentucky.

May 17, 1974.

As Modified on Denial of Rehearing
Sept. 27, 1974.

Harry L. Hargadon, Jr., Louisville, for appellant.

Edward F. Rectenwald, Louisville, for appellee.

JONES, Justice.

The appellant, Billy Leon Barriger, and the appellee, Betty H. Barriger, were married in 1947; and to that marriage five children were born. After twenty-five years the marital bark foundered in a sea of discontent. Betty sought and was granted a dissolution of the marriage. She was also awarded the custody of the three minor children, and an equal division of the marital property. Billy was required to pay $90.00 per month for each of the three minor children.

Billy contends on appeal that the trial court erred: (1) in evaluating the household furniture and furnishings; (2) by including in marital property $10,500.00 cash previously spent from the parties' net worth; (3) to make findings of fact as to the income of the parties and the needs of the children.

At the time of the marriage, neither Billy nor Betty had any money or estate of their own. Through their joint efforts, he as an accountant and she as a court reporter, they acquired their residence, household furniture and furnishings, three automobiles, and stocks valued at $25,000.

In 1955 Betty inherited from her mother's estate $26,000. Betty testified that a portion of this was used for living expenses and that the remainder was used by Billy to start an investment program. During the marriage, the evidence reflects the respective earnings of Billy and Betty were approximately the same until 1968, when Billy became disabled as a result of heart surgery. After the disability his income from social security payments and from an insurance program amounted to approximately $1000 per month. Yet, he was able to keep his clients; and until the divorce, Betty assisted him and signed all the tax forms. The evidence reveals also that after the divorce Billy continued to have clients whose accounts and tax forms were signed by a colleague.

When Betty informed Billy that she was filing for a divorce, Billy converted the

stocks valued at $25,000 to cash, and like the "prodigal son," dissipated the funds with reckless extravagance. Although totally disabled for social security and insurance purposes, he enjoyed a cruise in the Caribbean and lost $8200 gambling in Las Vegas. He was unable to account for the remainder of the funds except to say that he paid a lawyer $1100 and spent the remainder on "entertainment." On being asked whom he entertained, he testified, "Any good looking broad that comes by." Although Billy had been an expert accountant and had kept accurate records of income and expenses in detail, he was unable to reconstruct the financial records to the satisfaction of the trial court.

In view of the totality of the circumstances, we consider the award of the household furnishings to Betty equitable.

Although Billy complains concerning the allocation of marital property, we find the allocation to be equitable. Colley v. Colley, Ky., 460 S.W.2d 821 (1970).

■ Billy's profligate dissipation of the marital property ($25,000) without being able to account for it was a proper basis for the trial court to include $10,500 cash previously spent in the parties' net worth. Cf. Hickey v. Hickey, Ky., 383 S.W.2d 114 (1964).

■ Finally, Billy argues that the trial court failed to make adequate findings of fact as to the income of the parties and the needs of the children. We find no merit in this contention simply because the record reflects that the trial court complied in every respect with the requirements of KRS 403.210 in the award of child support payments. Further, it is noted that the trial court made findings of fact in conformity with the provisions of CR 52.01.

We have carefully examined the voluminous and prolix evidence, much of it conflicting or indefinite, concerning the allocation of the marital property, the needs of the children, and the financial ability of Billy to provide support. We find neither abuse of discretion nor error on the part of the trial court.

The judgment is affirmed.

All concur.