**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Pearl V. ALCORN, Defendant/Respondent,**

and

**Barbara L. Alcorn, Guardian of Laura Ann Alcorn, Defendant/Appellant.**

No. 47383.

Missouri Court of Appeals, Eastern District, Division Two.

May 22, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 9, 1984.

Application to Transfer Denied Sept. 11, 1984.

Ellsworth Cundiff, St. Charles, for defendant/appellant.

Darryl L. Hicks, Warrenton, for defendant/respondent.

CRIST, Presiding Judge.

Appeal from a summary judgment awarding the proceeds from a life insurance policy to decedent's second wife, contrary to the decree dissolving the marriage of decedent and first wife which required the decedent to name his child as the beneficiary of the policy during the child's minority. We affirm.

On June 26, 1981, the Circuit Court of St. Charles County dissolved the marriage of decedent and his first wife. The parties did not form a separation agreement; the trial court, in the decree, ordered decedent to name his child as the beneficiary of an insurance policy on his life that was available to him through his place of employment. The child was to remain the beneficiary until she attained majority. Decedent remarried and changed the beneficiary on that policy to second wife. On August 6, 1982, decedent died. Second wife, and first wife, who had been appointed guardian of the child's estate, both made claims on the policy. The insurance company interpled the claimants, and paid the proceeds of the policy into the circuit court.

A parent in Missouri is not required to support his children after the parent dies. *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731, 749–50 (1950); *Bushell v. Schepp*, 613 S.W.2d 689, 691–92 (Mo.App.1981). Life insurance is seen as

equivalent to such posthumous support, and is therefore beyond the court's power to order, *Niederkorn v. Neiderkorn,* 616 S.W.2d 529, 538–39 (Mo.App.1981), although it could perhaps constitute a part of a separation agreement. *Bushell, supra,* 613 S.W.2d at 692–93. While it seems unreasonable, the circuit court cannot order the support of minor children through life insurance.

 An attempt to do so is void. We are mindful of *Hudson v. Aetna Life Insurance Company,* 545 F.Supp. 209 (E.D.Mo. 1982), in which a federal district court, applying Missouri law, held such a provision to be voidable, and not void. However, the life insurance provision in the decree is invalid. We are not persuaded by guardian—first wife's contention the case sub judice is distinguishable from *Neiderkorn* on the ground the Neiderkorn involved a direct appeal, while we here have a collateral attack on the judgment. Therefore, we affirm the judgment.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.