Linda K. HOGREBE,
Petitioner-Respondent,

v.

Edward C. HOGREBE,
Respondent-Appellant.

No. 51131.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 31, 1987.

Michael T. Londoff, St. Charles, for respondent-appellant.

William H. Wyne, St. Louis, for petitioner-respondent.

DOWD, Judge.

Edward C. Hogrebe (hereinafter husband) appeals from those portions of a dissolution decree regarding attorney's fees, child support and division of marital property.

Appellant and Linda K. Hogrebe (hereinafter wife) were married in 1972. Three minor children were born of the marriage, ages 8, 6 and 3 at the time of trial. Both parties were employed full-time during the marriage until August of 1983, when husband left his employment to enroll in graduate school to obtain a Master's degree in Marketing. The parties' incomes until that time were substantially equal. From August 1983 until the parties separated in April of 1984, wife remained employed as a teacher. Husband was not employed at any time from August 1983 until the time of trial.

In its decree, the trial court awarded wife custody of the parties' three children, ordering husband to pay wife child support of $40.00 per week per child. The court divided the marital property, awarding wife marital assets valued at $200,464.00 and awarding husband marital assets valued at $168,453.00. Husband was ordered to pay wife attorney's fees in the amount of $7,500.00. We affirm.

Our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). A trial court's determination in a court-tried case will be sustained by an appellate court unless there is no substantial evidence to support it or unless it erroneously declares or misapplies the law. *Murphy, supra,* at 32.

Husband contends in his first point the trial court erred in awarding wife $7,500.00 in attorney's fees.

Section 452.355, RSMo 1986,[1] provides that the trial court may, in its discretion, award reasonable attorney's fees. Husband contends that because he is unemployed and wife is currently self-supporting, there exists no adequate basis for an award of attorney's fees. He cites in support cases holding that an award of attorney's fees is appropriate only where there is evidence of a spouse's need and lack of sufficient funds to finance the litigation. *See, e.g., Ortmann v. Ortmann,* 547 S.W.2d 226 (Mo.App.1977).

However, the Supreme Court of Missouri recently construed § 452.355 in *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo. banc 1979). The court stated that parties' financial resources are but one factor for the trial court to consider in awarding attorney's fees:

However, § 452.355 does make clear that the financial resources of the parties must be considered. Other factors are to be taken into account as well. How they balance will vary from cases [sic] to case and certainty of result cannot be projected. Only when the trial court is shown to have abused the broad discretion with which it is vested in this regard should its award (or orders) be overturned.

*Kieffer, supra,* at 919.

An award of attorney's fees is within the sound discretion of the trial court. *Beckman v. Beckman,* 545 S.W.2d 300, 302–303 (Mo.App.1976). Such an award will not be overturned absent a manifest abuse of discretion. Further, "courts are themselves experts on the question of attorney's fees and the judge who personally tries the case and is acquainted with all the issues involved is in a position to fix the amount of attorney's fees without the aid of evidence." *Hahn v. Hahn,* 569 S.W.2d 775, 778 (Mo.App.1978) (quoting *Jafarian-Kerman v. Jafarian-Kerman,* 424 S.W.2d 333, 340 (Mo.App.1967)).

1. All further statutory references are to RSMo (1986).

The trial court had the opportunity to evaluate the evidence regarding attorney's fees, including the parties' relative financial resources. In its findings of fact and conclusions of law, the trial court found "that sixty percent (60%) to sixty-five percent (65%) of [wife's] attorney's time expended were [sic] due to the acts and conduct of the [husband] and would not normally be services in a matter such as here presented."

■ Evidence showed that husband made numerous calls to wife's attorney, both at his office and at his home. This included a call to wife's attorney's house on Christmas Day to wish him "Merry Christmas." Also, numerous phone calls were made by husband, or someone purporting to be husband, to wife's place of employment, all of which necessitated additional time spent by wife's attorney.

We therefore find substantial evidence in the record to support the trial court's finding and further, find the trial court did not abuse its discretion in awarding wife $7,500.00 in attorney's fees. Point denied.

Husband contends in his second point that the trial court abused its discretion in ordering him to pay wife child support of $40.00 per week per child in that husband was enrolled in graduate school and was therefore, without sufficient income to pay the support order. He further contends the trial court abused its discretion in imputing to him an annual income of $20,000.00.

In its findings of fact, the trial court found that husband was possessed of sufficient education, having a B.A. degree in Education as well as an M.E. degree, and ample work experience to secure employment and, thus, had the capacity to earn a minimum of $20,000.00 per year. The trial court further found that husband had not made any diligent effort to find employment. The trial court also found that since the parties' separation in April 1984, wife had the care and custody of the children and carried the burden of providing for their care and maintenance in far greater proportion than husband.

The trial court has considerable discretion in setting awards of child support. *Wise v. Crawford*, 695 S.W.2d 487, 490 (Mo.App.1985). Such an award will not be disturbed unless the evidence is "palpably insufficient" to support it. *In re Marriage of D.M.S.*, 648 S.W.2d 609, 612 (Mo.App. 1983), and an appellate court will not substitute its judgment for that of the trial court absent a manifest abuse of discretion. *Wise, supra.*

Section 452.340 sets out the factors which the trial court properly considers in making awards of child support. Among those factors are the father's primary responsibility for support of his child;[2] the financial resources of the custodial parent;[3] and the financial resources and needs of the non-custodial parent.[4]

■ In determining the ability of a non-custodial parent to pay child support, the trial court may properly consider both past and present earnings. *In Re Marriage of Deatherage*, 595 S.W.2d 36, 40 (Mo.App. 1980). Direct proof of present employment and income is not in itself the only avenue of proof of ability to pay. *Reeber v. Reeber*, 680 S.W.2d 358, 359 (Mo.App.1984). "A court may, in proper circumstances, impute an income to a husband according to what he *could have earned* by the use of his best efforts to gain employment suitable to his capabilities." *Foster v. Foster*, 537 S.W.2d 833, 836 (Mo.App.1976) (emphasis added).

■ This rule particularly applies when husband has voluntarily reduced his income. *Fugate v. Fugate*, 510 S.W.2d 705, 706 (Mo.App.1974). A husband may not escape responsibility to his family nor stymie justified support for it by deliberately limiting his work to reduce his income. *Butler v. Butler*, 562 S.W.2d 685, 687 (Mo. App.1977). Nor may he voluntarily decline to work and then plead lack of income as an excuse for not being able to adequately

2. § 452.340(1)

3. § 452.340(3)

4. § 452.340(6)

contribute to his children's needs. *Boyer v. Boyer*, 567 S.W.2d 749, 751 (Mo.App. 1978).

■ During three days of testimony, the trial court heard evidence that husband had voluntarily left his former employment to obtain a Master's degree in Marketing. Husband testified that the decision to return to school was mutually agreed to by the parties so that husband could change careers. Evidence showed that husband returned to school in August 1983, almost three years prior to trial. The family's income since 1983 consisted of wife's salary as a teacher and income from the parties' real estate investments. Evidence showed that husband attended class approximately 4–8 hours per week and spent approximately 15 hours per week outside of class on his school work. He has not been employed at any time since he enrolled in the Master's program in 1983.

Both husband and wife have a Master's degree in Education. Wife worked full-time as a teacher throughout the marriage, taking only a one-month leave of absence during the birth of the parties' youngest child. Until 1983, husband held various jobs in the field of education. Husband testified that in his previous employment, he earned approximately $20,000.00 per year.

Husband also admitted he provided wife with no additional support for the children at any time during the two years, except those times the children were with him. While husband's testimony was that he was then unemployed, there was no substantial evidence that he had sought and was unable to obtain employment. His efforts to find employment were confined to some inquiries about a particular job at a stock brokerage firm and his testimony that he had "glanced at" the want ads in the newspaper.

Based on the foregoing, we find substantial evidence in the record to support the trial court's finding that husband had sufficient education and skill to provide for his children. We also find the trial court did not abuse its discretion in making the award of child support to wife.

■ Husband further contends within this point that the trial court's award was improper because the trial court failed to follow mathematical charts provided in the Missouri Bar Continuing Legal Education Handbook (CLE), *Mo. Family Law*, § 13.-39, 3d ed., (Mo.Bar 1982). The charts, however useful, are nothing more than guidelines for practitioners. They are not binding authority and have no precedential value on trial courts determining child support awards.

> We recognize the value of such guidelines to trial courts, nevertheless, we note that this guide is used only in certain counties. We are not told whether the appropriateness of those figures might vary with the character, customs, and economy of the locality. Recognizing that the cost of support in some areas of the state may well be less than in others and that the guidelines do not have the force of law, *we cannot impose these figures on courts not embracing them as their own.*

*Roberts v. Roberts*, 652 S.W.2d 325, 328 (Mo.App.1983) (emphasis added). Accordingly, we find husband's contention stressing application of the guidelines to be without merit. Point denied.

Husband contends in his final point that the trial court erred in its division of the parties' marital property.

In addition to her separate property, wife was awarded the marital home, four of the parties' six investment properties, her retirement fund, an IRA, certain household goods and any and all bank accounts in wife's name. In addition to his separate property, husband was awarded the parties' remaining two investment properties, both family cars, husband's retirement fund, an IRA, certain investment securities held jointly by the parties during the marriage, two separate bank accounts held by the parties during the marriage, proceeds from an insurance claim for damage to the marital home, certain household goods, and any and all bank accounts in husband's name. The trial court further divided the parties' anticipated 1984 income tax refund,

allowing ⅔ to wife and ⅓ to husband. In total, wife received marital assets valued at $200,464.00 and husband received marital assets valued at $168,453.00—a 54% to 46% division.

Husband, more specifically, contends the trial court abused its discretion in dividing the property in that it improperly valued the assets and that it improperly included in husband's share assets which had already been dissipated.

Husband principally attacks the trial court's valuation of the marital home at $80,000.00. Wife testified she believed the home to be worth $80,000.00. Both parties, in their Statements of Property filed with the court, valued the home at $80,000.00 and it was reassessed at $74,000.00. Husband initially opined that the home's value was $92,500.00 and, on cross-examination increased his evaluation to $97,000.00.

■ "Although parties are competent to give an opinion as to the value of their own home, the trial court is not bound to accept either estimate as exact." *In re Marriage of Schulte*, 546 S.W.2d 41, 47 (Mo.App. 1977). When there is contradictory testimony, deference is given to the trial judge, who is in a position to assess the credibility of the witnesses. *Youngblood v. Youngblood*, 717 S.W.2d 529, 530 (Mo.App.1986). We therefore defer to the trial court's valuation of the marital home and find substantial evidence in the record to support it.

Husband further contends that the trial court abused its discretion in including dissipated funds in the marital assets distributed to husband. The trial court found that, within a period of less than 35 days from the parties' separation, husband converted to his own use some $39,000.00 in marital assets. The trial court further found husband failed to make any reasonable accounting for these funds and accordingly assessed them to husband as part of the property division.

"If there is substantial evidence that one spouse squandered marital properties, the trial court is authorized to order reimbursement." *In re Marriage of Layton*, 687 S.W.2d 214, 216 (Mo.App.1984).[5]

■ Here husband admitted forging wife's name to cash in various accounts and stock certificates held jointly by the parties during the marriage. In addition, husband collected approximately $1,200.00 on an insurance claim for damage to the marital home and cashed in an Educational Employees Credit Union account in the amount of $107.00. His only explanation for the complete dissipation of more than $39,000.00 in marital assets was that he had used them "for living expenses." Even accepting husband's vague accounting of the funds, the trial court could have properly considered more than $17,000.00 in additional rents collected by husband from the time of the parties' separation until trial. Finding $1,000.00 per month to be reasonable living expenses, the trial court then found that husband had at his disposal a minimum of $49,691.00 in marital assets since the parties separated.

Consequently, we find substantial evidence to support the trial court's inclusion of the dissipated assets.

In light of our disposition regarding the valuation of the marital home and the inclusion of dissipated assets, we address husband's contention that the trial court erred in its division of the marital property.

An appellate court will set aside the trial court's division of property only if it is so heavily and unduly weighted in favor of one party so as to amount to an abuse of discretion. *Schulte, supra,* at 47. An appellate court will not "scour and nit-pick the record for an accounting error" nor will it second-guess the trial court's balance of the equities. *Id.*

It is for the trial court to resolve conflicts in the evidence and to weigh all relevant factors considered in dividing the mar-

5. For cases involving appropriation of marital funds, see *In re Marriage of DeFrates*, 711 S.W.2d 555 (Mo.App.1986); *Barringer v. Barringer*, 514 S.W.2d 114 (Ky.1974). *Cf. In re Marriage of Schulte* (No profligate dissipation of marital property) 546 S.W.2d 41 (Mo.App.1977); *Binkley v. Binkley*, 725 S.W.2d 910 (Mo.App. 1987) (No improvident dissipation by wife of marital funds withdrawn by wife's mother).

ital property. *Fields v. Fields,* 643 S.W.2d 611, 617 (Mo.App.1982). Section 452.330 does not require the trial court to make an *equal* division of the property, but only an *equitable* division. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984).

■ Considering the marital funds which were found to be dissipated by husband, we do not find the trial court's 54%–46% division to be so "unduly weighted" in favor of wife so as to constitute an abuse of discretion. We therefore affirm the trial court's division of marital property. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.