Kathy A. REESE, Petitioner–Appellant,

v.

Rick L. REESE, Movant–Respondent.

No. 15568.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 15, 1988.

John S. Pratt, Pratt & Fossard, Springfield, for petitioner-appellant.

Douglas W. Greene, III, Montgomery, Twibell, Upp & Greene, Springfield, for movant-respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on June 17, 1986. Mrs. Reese was awarded care and custody of three children born of the marriage, and Mr. Reese was ordered to pay $150 per month per child as child support. On July 29, 1987, Mr. Reese filed a motion to modify, seeking reduction in child support. Following a hearing, on December 4, 1987, the child support payments were reduced to $115 per month per child. Mrs. Reese appeals.

Having in mind the "factors to be considered" in setting child support, stated in § 452.340, RSMo 1986, we consider whether there was a "showing of changed circumstances so substantial and continuing as to make the terms [of the dissolution decree] unreasonable." § 452.370, RSMo 1986.

Section 452.370 was enacted to impose stricter standards for modification than previously required, thereby discouraging recurrent and insubstantial motions for modification. *Hallums v. Hallums,* 585 S.W.2d 226, 228 (Mo.App.1979). To obtain modification of a dissolution decree, the movant has the burden of showing a change in circumstances so substantial as to make the terms of the original decree unreasonable. *In re Marriage of Marek,* 618 S.W.2d 245, 246 (Mo.App.1981).

The question is whether the circumstances revealed at the hearing on the motion to modify were such, that if they existed at the time of the decree, that they would have made the decree unreasonable. That Mr. Reese is earning less money does not answer the question. We must determine, based on what he is earning, whether the child support award contained in the dissolution decree could be found unreasonable. We conclude that it could not be.

There was little, if any, dispute in the facts. At the time of the dissolution decree respondent was employed as a mechanic by Foremost Dairy earning $11 per hour. The dairy went out of business and he was unemployed for a week, then secured new employment at $8 per hour. Later he became employed at Hiland Dairy at $9.05 per hour. Apparently, according to a union contract, his wages should have increased to $10 per hour in March of 1988 and within three years from commencement of that employment, he should be making $11 per hour. He also works at Roadway Express about 16 hours a month, receiving $12 an hour. Mrs. Reese works for United Parcel Service earning gross wages of $617.60 per week. On December 4, 1987, the date of the hearing on the motion to modify, the children were 17, 13 and 11 years of age.

In September 1987, the Missouri Child Support Guidelines Task Force issued Missouri Child Support Guidelines. See Mo. Bar, Missouri Family Law § 14.14–.16 (4th ed. 1988) (the guidelines are also set forth in the preface to Mo.Cases 735–736 S.W.2d XL). We realize that certain guidelines or charts such as that set out in Mo.Bar, Missouri Family Law § 13.39 (3d ed. 1982), have been said not to be "binding authority" and to "have no precedential value on trial courts determining child support", *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 196 (Mo. App.1987), and that use of guidelines might vary with the character, customs, and economy of the locality, *Roberts v. Roberts,* 652 S.W.2d 325, 328 (Mo.App.1983).

We also emphasize that guidelines are not to be applied rigidly or automatically. They are simply formulas or schedules to consider which leave significant room for sound judicial discretion. See Wardle, Contemporary Family Law, § 38.02, pp. 6–8 (1988); 2 Clark, The Law of Domestic Relations in the United States, § 18.1, pp. 363–

364 (2d ed. 1987). See also *Perkins v. Perkins*, 15 Ark.App. 82, 690 S.W.2d 356, 358 (1985) (family support chart a guide, not intended to be binding).

■ Nevertheless, we believe that the Missouri Child Support Guidelines should be accorded substantial consideration in determining and reviewing child support awards. The Task Force was a distinguished panel knowledgeable in this area and they appear to have carefully researched and prepared the guidelines.

Applying the parties' income to those guidelines indicates that based on the parties' incomes at the time of hearing, Mr. Reese's obligation of $450 per month was reasonable. According to those guidelines the monthly "Preliminary Child Support Obligation" for the three children would be $1,005. Fifty-five percent or $552.75 would be borne by Mrs. Reese as custodial parent and 45% or $452.25 should be borne by Mr. Reese.

Appearing to take a somewhat contrary view of guidelines to that of *Hogrebe* and *Roberts* is *McM. v. McM.*, 506 S.W.2d 14, 17 (Mo.App.1974). It finds "helpful" family support charts such as the one contained in Mo.Bar, Missouri Family Law § 13.39 (3d ed. 1982). Under that chart, Mr. Reese's obligation would be $431.25. Cases also indicate that the support originally set was still reasonable. Compare the award of support affirmed in *Hogrebe*, supra, 727 S.W.2d 193 and *In re Marriage of Oberkrom*, 608 S.W.2d 449 (Mo.App.1980). Mr. Reese failed to sustain his burden of showing that the child support provided in the dissolution decree had become unreasonable.

The order modifying the dissolution decree is reversed and the cause remanded to the trial court with directions that it deny Mr. Reese's motion to modify the dissolution decree.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.