**Margaret WESTON, Plaintiff–Respondent,**

v.

**Bruce WESTON, Defendant–Appellant.**

No. 54892.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied May 16, 1989.

James C. Ochs, St. Louis, for defendant-appellant.

Lester H. Goldman, St. Ann, for plaintiff-respondent.

REINHARD, Judge.

Motion to modify child support award. Husband appeals after the trial court increased his total child support payments from $600 per month to $1,066 per month. We affirm.

Husband's principal point on appeal is that the court abused its discretion in increasing the award under the evidence presented. He does not contend the award is greater than the reasonable needs of the children. Rather he argues that the amount is greater than his ability to pay, and that the court, in modifying the award, failed to consider wife's secondary responsibility.

The parties were divorced in April 1984. Three children were born of the marriage, and at the time of the original decree, their ages were 7, 5, and 3. In their separation agreement, the parties agreed that father would pay $600 per month child support.

In May 1987, wife filed a motion to modify, alleging changed circumstances including husband's increased income and further alleging that "the children have incurred medical expenses and counseling needs which were not anticipated at the time of the award of child support." The court, after a hearing, increased the total amount of child support to $1,066 per month.

At the time of the dissolution decree, husband's income was $36,000, while his income in 1987 was $49,500. He is a charter life underwriter and a charter financial consultant. He was employed until October 1987 by a firm known as BMA, and when BMA then ceased operation, he obtained employment with Continental Insurance Company as a brokerage manager.

Husband's projected income at the time of the hearing was $28,000. Additional income depended on the performance of brokers working under him. He sought unsuccessfully to obtain a higher paying job in the St. Louis area, and had been offered employment outside the area but refused to accept because he desired to maintain contact with his children.

Wife earned over $7,000 at the time of the dissolution. She was employed in a family business. Her 1987 income was $4,000. At the time of the hearing, she was attending junior college to obtain a degree as an architectural technologist.

In support of his contention on appeal, husband cites the six factors in § 452.340, RSMo 1986, relevant to child support. He notes that an important factor is the parent's ability to pay, *In Re Marriage of C.S.B.*, 546 S.W.2d 186 (Mo.App.1976), and argues that the award of $1,066 plus his expenses would exceed his projected income. He also contends that the court failed to consider wife's responsibility. *Gray v. Gray*, 649 S.W.2d 908 (Mo.App. 1983). Finally husband incorrectly cites in *Re Marriage of B.*, 619 S.W.2d 91 (Mo.App. 1981) for the proposition that since wife's mother lives with her, the mother's income should be considered.[1]

Mother argues that husband's projected income is not the sole evidence of ability to pay, and that there was evidence supporting the amount awarded. Judge Dowd, speaking for our court in *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 195 (Mo.App.1987) stated:

> In determining the ability of a non-custodial parent to pay child support, the trial court may properly consider both past and present earnings.... Direct proof of present employment and income is not in itself the only avenue of proof of ability to pay.

(Citations omitted.)

A reading of the cases relied on by wife reveals that none involve situations in which the trial court increased an award by modification after a reduced income. In *Hogrebe*, the issue of reduced income was raised at the original dissolution hearing. In *Forhan v. Forhan*, 693 S.W.2d 164 (Mo. App.1985), the court decreased a previous award because of reduced income. We also note that the cases seem to rely heavily on the fact that non-custodial parents have themselves caused the reduction in income or that income can be imputed to them "according to what [they] *could have earned* by the use of [their] best efforts to gain employment suited to [their] capabilities." *Hogrebe*, 727 S.W.2d at 195, (*quoting Foster v. Foster*, 537 S.W.2d 833, 836 (Mo.App.1976)) (emphasis added).

The evidence here supports a finding of father's ability to earn sufficient income to fulfill his primary responsibility to support the children, and under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm.

Under the same standard, we affirm the award to wife of $800 in attorney's fees.

CRANDALL, P.J., and CRIST, J., concur.

---

1. The court in *B.*, held that the trial court did not err in failing to consider income of man with whom wife was living. *B.*, 619 S.W.2d at 93, 94. *See also, R.E.G. v. E.K.H.*, 761 S.W.2d 289, 290 (Mo.App.1988).