Michael STEFFENS,
Respondent–Appellant,

v.

Darlene STEFFENS,
Petitioner–Respondent.

No. 54739.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1989.

Donald E. Heck, Clayton, for respondent-appellant.

Deborah Jean Tomich, St. Charles, for petitioner-respondent.

SIMON, Judge.

Husband, Michael Steffens, appeals from a decree of dissolution of his marriage to

wife, Darlene Steffens, which awarded primary custody of the parties' minor children to wife, and ordered husband to: (1) pay child support in the amount of $204.25 per month per child; (2) name the children as beneficiaries of his life insurance policy; and (3) pay wife's attorney's fees in the amount of $4005.00. The parties were married on October 31, 1970. They separated on September 12, 1986. The marriage produced three children: Michael Scott, born August 28, 1971; Robert Charles, born August 9, 1973; and James Ray, born June 28, 1976. At the time of the dissolution, the children were ages 16, 14, and 11, respectively.

On appeal, husband contends that: (1) the trial court abused its discretion in awarding child support at the level ordered; (2) the trial court abused its discretion in ordering husband to irrevocably designate wife as beneficiary of his life insurance policy; and (3) the trial court abused its discretion by ordering husband to pay wife's attorney's fees when, other than sick pay, he was essentially unemployed and had no funds, and wife was employed and possessed of sufficient assets to pay her own fees. We affirm in part and reverse in part.

This case is governed by the well-known principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. *Id.* at 32[1–3]. Further, "[a]s trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. On appeal, we view the evidence in a manner favorable to the decree and disregard contradictory evidence." *Wynn v. Wynn*, 738 S.W.2d 915, 918[1] (Mo.App.1987) (citation omitted). "We defer to the trial court even if the evidence could support a different conclusion." *Id.*

In his first point, husband contends that the trial court abused its discretion in awarding child support in the amount of $204.25 per month per child. Husband argues that the trial court did not properly consider his present financial condition, the trial court did not properly follow the statutory guidelines for determining child support, and that the award was not supported by sufficient evidence.

■ Initially, we note that the trial court has considerable discretion in awarding child support. Such an award shall not be disturbed unless the evidence is "palpably insufficient" to support it, and an appellate court will not substitute its judgment for that of the trial court absent a manifest abuse of discretion. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 195[1] (Mo.App.1987) (citations omitted). In *Hogrebe*, we stated that:

> In determining the ability of a noncustodial parent to pay child support, the trial court may properly consider both past and present earnings. *In Re Marriage of Deatherage*, 595 S.W.2d 36, 40 (Mo. App.1980). Direct proof of present employment and income is not in itself the only avenue of proof of ability to pay. *Reeber v. Reeber*, 680 S.W.2d 358, 359 (Mo.App.1984), "A court may, in proper circumstances, impute an income to a husband according to what he *could have earned* by the use of his best efforts to gain employment suitable to his capabilities." *Foster v. Foster*, 537 S.W.2d 833, 836 (Mo.App.1976) (emphasis added).

*Hogrebe*, 727 S.W.2d at 195[2].

■ The evidence, viewed in the light most favorable to the decree, reveals the following. Wife is thirty-five years old and received her GED approximately five years ago. She and her three children currently reside with her mother, but they are looking for an apartment. Wife currently works at Schnucks in the bakery department. She averages thirty-one to forty hours per week and earns $6.38 per hour. Her income for the past four years has been $10,533.00 in 1987, $7100.00 in 1986, $4500.00 in 1985, and $560.00 in 1984.

Husband is thirty-seven years old. He is currently employed with Chrysler Motors Corporation and has been working on the assembly line on and off for approximately ten years. His income for the past four years has been $19,000.00 in 1987, $32,309.00 in 1986, $28,000.00 in 1985, and $30,446.00 in 1984. During periods when he was not working at Chrysler, he operated heating and cooling and appliance businesses. Wife testified that husband made enough money from these businesses to support their family.

At the time of the dissolution hearing, husband had been on sick leave from Chrysler for approximately four months receiving disability payments from Chrysler of $257.00 per week. He was seeing a psychiatrist for depression and attempted, through that psychiatrist's testimony, to demonstrate that he was mentally unable to continue working on the Chrysler assembly line. On cross-examination however, the psychiatrist admitted that he did not give husband any psychological tests or evaluations and agreed that had he done so, they might more objectively determine whether or not husband was clinically depressed. The psychiatrist also admitted that he did not know exactly what husband's job was a Chrysler, and stated that he did not know husband's prognosis regarding whether he will be able to go back to work at Chrysler. The psychiatrist did agree that it would be beneficial for husband to have a job and to work on a daily basis.

Based on the foregoing, we conclude that there was substantial evidence to support the award of $204.25 per month per child. No evidence was presented to establish that husband could not resume working at Chrysler in the future or find employment in the heating and cooling or appliance business. The trial court did not abuse its discretion.

■ In his second point, husband contends that the trial court abused its discretion in ordering him to irrevocably designate wife as beneficiary of his life insurance policy. The decree orders husband to designate the *children* as beneficiaries, however, rather than his *wife*. After reviewing the argument portion of husband's brief and his oral argument before our court, it is clear that it was the children's designation as beneficiaries that husband intended to contest on appeal, and we shall review this point on that basis.

In *Metropolitan Life Insurance Company v. Alcorn*, 674 S.W.2d 115 (Mo.App. 1984), we stated that:

A parent in Missouri is not required to support his children after the parent dies. Life insurance is seen as equivalent to such posthumous support, and is therefore beyond the court's power to order, although it could perhaps constitute a part of a separation agreement. While it seems unreasonable, the circuit court cannot order the support of minor children through life insurance. An attempt to do so is void.

*Id.* at 115–6[1–3] (citations omitted). Thus, the trial court erred in ordering husband to name the children as beneficiaries of his life insurance policy. *See also Wynn*, 738 S.W.2d at 920[8].

In his final point, husband contends that the trial court abused its discretion by ordering husband to pay wife's attorney's fees in the amount of $4005.00 when, other than sick pay, he was essentially unemployed and had no funds, and wife was employed and possessed of sufficient assets to pay her own fees.

■ Section 452.355 RSMo 1986 provides that the trial court may, in its discretion, award reasonable attorney's fees. *Hogrebe*, 727 S.W.2d at 194. Absent a manifest abuse of that discretion, such an award will not be overturned. *Id.* Courts themselves are deemed experts on the question of attorney's fees. *Hahn v. Hahn*, 569 S.W.2d 775, 778[7] (Mo.App. 1978). In *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979), our Supreme Court interpreted § 452.355 to require that courts consider other relevant factors in addition

to the financial resources of the parties in awarding attorney's fees. The statute does not require that one party be unable to pay litigation costs before sustaining an award of attorney's fees. *Id.* at 918[6] *cited in Mastin v. Mastin,* 709 S.W.2d 545, 550[9] (Mo.App.1986).

■ Here, the record reveals that husband's past and present earnings were greater than those of his wife. Additionally, wife's attorney testified that a large amount of time spent representing wife was for garnishment actions attempting to collect past due child support payments awarded wife in a prior pendente lite order against husband and for various discovery motions in an attempt to resolve discovery disputes. During oral argument, husband's counsel admitted that he had difficulty dealing with his client. In light of these circumstances in which husband's own inaction attributed to the accumulation of wife's attorney's fees, we conclude that the trial court did not abuse its discretion in ordering husband to pay attorney's fees in the amount of $4005.00. *Compare Hogrebe,* 727 S.W.2d at 194–5[1] in which this court sustained an award of $7500.00 in attorney's fees to wife where evidence showed that husband's actions necessitated additional time being spent by wife's attorney.

That portion of the judgment ordering husband to designate the children as beneficiaries of his life insurance policy is reversed. In all other respects, the judgment is affirmed.

Judgment affirmed in part and reversed in part.

DOWD, P.J., and HAMILTON, J., concur.