Gary Michael GRAMS, Appellant,

v.

Joanne Francis GRAMS, Respondent.

Nos. 56588, 56600.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 9, 1990.

Donald E. Heck, Clayton, for appellant.

Michael C. Walther, Walther and Roberts, P.C., St. Louis, for respondent.

HAMILTON, Presiding Judge.

On March 21, 1989, the St. Louis County Circuit Court dissolved the marriage of Gary Grams (hereinafter Husband) and Joanne Grams (hereinafter Wife) following a dissolution hearing. The trial court awarded primary custody of the children,

the marital home, a van, the furniture then remaining in the marital home, and any bank accounts in his own name to Husband. Wife received temporary custody of the children as outlined in the decree, an award of $25,000 for her interest in the marital home, the marital furniture then in her possession, any bank accounts in her name, and maintenance of $200 a month. Both Husband and Wife appeal. We affirm.

Husband and Wife married August 10, 1973. The couple had three children: Gina, Nicole, and Brian, age twelve, nine, and five, respectively, at the time of dissolution. During the marriage, Husband worked full-time during the day. At the time of the trial, he was a branch manager for Thompson Supply, earning approximately $25,000 a year. Wife worked part-time at night in the food-service industry. Wife's annual income during the marriage was approximately $7000 to $7500. Wife testified that she wanted to work full time, but Husband disapproved of her doing so. At the time of the dissolution hearing, she had no income.

Husband filed a petition for dissolution of marriage on June 3, 1986. Both parties had engaged in marital misconduct. Wife left St. Louis that same month to take a job in Chicago as an assistant to Bill Duggan (hereinafter Duggan), a general contractor whom she had met in March, 1986. After a few weeks, Wife returned to the marital home and lived there until March, 1987.

In a pendente lite order dated November 24, 1986, the trial court ordered Husband to pay expenses associated with child support and to pay Wife's automobile insurance premium. Wife was awarded neither child support nor maintenance. In a second pendente lite order dated May 22, 1987, the trial court awarded Wife $200 per month child support. Husband and Wife divided custody equally for alternating weeks. Husband's responsibility for Wife's automobile insurance continued.

Wife worked in Chicago for Duggan during the weeks she did not have custody of

the children. She earned no wages in 1987 or 1988. Duggan paid her rent in St. Louis, her utilities, the cost of transportation between St. Louis and Chicago, and provided her spending money. She testified she had not looked for a job in the last two years. She did, however, express interest in studying interior decorating.

Following a dissolution hearing, the trial court entered findings of fact and conclusions of law. Its findings of fact included the following:

7. The best interest of the minor children would be served by placing their primary custody with the Petitioner [Husband].

. . . .

9. Respondent [Wife] is found to lack sufficient property and be unable to support herself through appropriate employment.

10. Petitioner [Husband] is not found to be in arrearage for PDL child support payments.

11. The Court finds that Respondent [Wife] was not forced to leave the marital home in March 1987.

12. Both Petitioner and Respondent have engaged in marital misconduct.

. . . .

14. Respondent [Wife] is unable to pay child support at this time.

Husband raises four points on appeal. He contends the trial court erred in (1) failing to order Wife to pay child support; (2) ordering Husband to pay Wife permanent but modifiable maintenance; (3) ordering Husband to pay Wife's attorney's fees; and (4) ordering Husband to pay Wife an award of $25,000 within ninety days of the date of the dissolution decree for her share of the marital home. Wife contends the trial court erred (1) in granting primary custody of the children to Husband and (2) in finding Husband was current in his pendente lite child support payments.

▮ Because this matter was tried to the court, we must sustain the judgment of

the trial court unless no substantial evidence supports it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Where the evidence is conflicting, the trial court has the prerogative to determine the credibility of witnesses. *Lehmann v. Lehmann,* 750 S.W.2d 724, 725 (Mo.App.1988). It also determines the weight and value to be given to the testimony of any witness. *Wynn v. Wynn,* 738 S.W.2d 915, 918 (Mo.App.1987). This Court defers to the trial court's view of the facts even if the evidence could support a different conclusion. *Id.*

■ Husband first contends the trial court erred in failing to order Wife to pay child support in an amount commensurate with her present and past earnings or to impute an income to her for purposes of child support. Under § 452.340 V.A.M.S. (Supp.1989), the trial court may order "either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, ... without regard to marital misconduct, after considering all relevant factors...." The statute lists four factors: (1) the financial needs and resources of the child; (2) the financial resources and needs of the parents; (3) the standard of living the child would have enjoyed had the marriage not been dissolved; and (4) the physical and emotional condition of the child, and his educational needs. § 452.340.1 V.A.M.S. (Supp.1989). The new statute no longer looks to the sex of the parents to impose duties of child support. The trial court has considerable discretion and a decision on child support will remain undisturbed absent a manifest abuse of discretion. *Steffens v. Steffens,* 773 S.W.2d 875, 876 (Mo.App.1989); *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 195 (Mo. App.1987).

Husband argues that the trial court failed to rule in accordance with the facts of the case because Wife was receiving income from Duggan. He argues that she should not be permitted to escape her duty to support her children by deliberately not seeking work. Husband cites *Wynn v. Wynn,* 738 S.W.2d 915 (Mo.App.1987) and *Hogrebe v. Hogrebe,* 727 S.W.2d 193 (Mo. App.1987). Both *Wynn* and *Hogrebe* are distinguishable. In *Hogrebe,* the non-custodial spouse was college educated and had been earning $20,000 before quitting. The *Hogrebe* court specifically found that the non-custodial spouse had sufficient education and skill to provide for the children. In the present case the trial court specifically found Wife unable to pay child support at the time of the dissolution in that she lacked sufficient property and was unable to support herself through appropriate employment. Nor has Wife rejected job offers as was the case in *Wynn.* The evidence thus supports the trial court's findings.

Wife worked part-time during the marriage, earning approximately $150 a week in a food service job. Husband's income was approximately $25,000 a year. When the income of one party greatly exceeds that of the other, failure to award child support may constitute no abuse of discretion. *Lehmann,* 750 S.W.2d at 726. While the evidence did show that Wife lived and worked with Duggan and that Duggan paid all her expenses, he was under no legal obligation to pay her expenses. Husband assumes the trial court did not impute past income to Wife. Nothing in the findings or conclusions supports this assumption. The record simply discloses a great disparity between the parties' incomes. The trial court abused no discretion by failing to award child support. Husband's first point is denied.

■ Husband next contends the trial court abused its discretion by ordering permanent but modifiable maintenance. The point fails to comply with Rule 84.04(d) because it fails to state wherein and why the order is erroneous. Even if the Court considered Husband's contention, however, no basis for a reversal exists.

■ A trial court may order maintenance if the spouse seeking it lacks sufficient

property to provide for his reasonable needs and is unable to support himself through appropriate employment. § 452.335 V.A.M.S. (Supp.1989). The trial court in the present case made that specific finding. The burden is on the party challenging the maintenance award to demonstrate it is so excessive that it constitutes an abuse of the trial court's discretion. *Williams v. Williams*, 753 S.W.2d 101, 102 (Mo.App.1988). The amount awarded must be patently unwarranted and wholly beyond the means of the spouse ordered to pay maintenance before this Court will interfere. *Hart v. Hart*, 741 S.W.2d 105, 106–07 (Mo.App.1987). Here Husband argues that Duggan's contributions to Wife and the income generated by Wife's award of $25,000 for her share of the marital home should be considered when measuring her need. As mentioned earlier, Duggan is not legally obligated to continue to pay Wife's expenses. Moreover, Wife should not have to dispose of assets or invest them in a particular way to be entitled to maintenance. *See Eckstein v. Eckstein*, 748 S.W.2d 945, 947 (Mo.App.1988); *Hart*, 741 S.W.2d at 107.

■ Husband also argues the maintenance award should have been of limited duration because Wife has plans to attend interior decorating school. Wife's plans were indefinite and any projected increase in income from those plans is highly speculative. Such speculative future income amounts do not warrant a limitation on maintenance. *See Eckstein*, 748 S.W.2d at 948; *Blount v. Blount*, 674 S.W.2d 612, 614 (Mo.App.1984). Husband's second point is denied.

■ Husband further contends the trial court erred by ordering him to pay Wife's attorney's fees because all the fees had been paid at the time of trial and because she knowingly and intentionally put herself into a position where she could not pay her own attorney's fees. The award of attorney's fees is within the sound discretion of the trial court and will not be overturned absent manifest abuse of discretion. § 452.355 V.A.M.S. (Supp. 1989); *Steffens*, 773 S.W.2d at 877; *Hogrebe*, 727 S.W.2d at 194. Courts are themselves experts on the question of attorney's fees. *Id.*

Wife testified Duggan loaned her the money to pay attorney's fees. Husband argues that because the attorney's fees had already been paid with a loan from Duggan, the trial court should have awarded no attorney's fees to Wife. That Wife be unable to pay her attorney's fees is, however, unnecessary, so long as Husband has a greater ability to pay because he earns considerably more than she does. *See Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App.1987); *Mound v. Mound*, 726 S.W.2d 879, 880 (Mo.App.1987); *Golleher v. Golleher*, 697 S.W.2d 547, 551 (Mo.App. 1985). Husband's third point is denied.

■ Finally, Husband contends the trial court erred in ordering him to pay Wife $25,000 within ninety days or have the marital home sold by the sheriff. This point fails to comply with Rule 84.04(d) because it fails to state wherein and why the order is erroneous. Even if this Court considered Husband's arguments, however, no basis for reversal exists.

Husband contends the order is the equivalent of a penalty because if he is unable to secure a loan or to sell the house within ninety days, the house will be sold at public auction. The trial court valued the house at $50,000 and awarded Wife $25,000. The trial court may order "that one spouse receiving property not divisible in kind to pay an equalizing sum of money to the other spouse." *Gross v. Gross*, 557 S.W.2d 448, 452 (Mo.App.1977). The trial court has imposed no penalty, as Husband contends, but has allocated the risk. *See Bess v. Bess*, 720 S.W.2d 757 (Mo.App.1986). Husband's final point is denied.

■ Wife raises two points on appeal. First, she contends the trial court erred in granting primary custody of the children to Husband because it was against the weight

of the evidence. The paramount concern in determining custody is the best interests of the children. *Bacon v. Bacon*, 670 S.W.2d 594, 596 (Mo.App.1984). Section 452.375 V.A.M.S. (Supp.1989) lists eight factors among those to be considered:

  (1) The wishes of the child's parents as to his custody;

  (2) The wishes of a child as to his custodian;

  (3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

  (4) The child's adjustment to his home, school, and community;

  (5) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved;

  (6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

  (7) The intention of either parent to relocate his residence outside the state; and

  (8) Which parent is more likely to allow the child frequent and meaningful contact with the other parent.

We presume that the trial court thoroughly studied the evidence and ordered custody that was in the best interests of the child. *In re Marriage of Honeycutt*, 649 S.W.2d 502, 503 (Mo.App.1983); *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 100 (Mo.App.1981). Indeed, we give greater deference to the determination of the trial court in regard to child custody than in other types of cases. *Hart v. Hart*, 766 S.W.2d 131, 132 (Mo. App.1989).

Both of the older children expressed a preference for living with their father. Wife argues that the children's preference reflected a desire to remain in the marital home because of fears that their mother might move to Chicago. The trial judge's question, however, was, "But if both of your parents were to be living in St. Louis, like if your mom had either coming—either

if she came back to the house or she had set up a different place, or your dad stayed in the house or he set up a different place, is it important for you to—to stay in the family home?" Both children responded that the marital home was not important, but that they would like to remain in the same community close to family and friends. The trial judge specifically asked the children, "Does the fact that she has— the fact that she's lived in Chicago, is that making you say you want to live with your dad?" Gina responded, "No." In fact, Wife had discussed finding a house in West County, and the children had participated in looking at houses that were for sale.

While the interaction of children to both parents was good, Husband spent more time helping the children with homework, participating in their extracurricular activities, supporting their religious training, and keeping them in contact with their extended family. He had made child care arrangements for the time he worked. Wife testified Husband loved his children and was a good father. Wife's first point is denied.

Finally, Wife contends the trial court erred in finding Husband was current in his pendente lite child support payments because neither party had raised the issue before the trial court and because the finding was against the weight of the evidence in that Husband admitted making payments to a third party.

  Wife cites *Hughes v. Wagner*, 303 S.W.2d 181, 184 (Mo.App.1957), for the proposition that because the issue was never raised in the pleadings, any judgment with respect to that issue is therefore void. *Hughes* involved the modification of an existing decree. The issue raised in its pleadings was custody. The trial court, however, modified the decree by reducing the award of child support. In that context, the *Hughes* court held that "[w]here a court attempts to adjudicate a question outside the issues raised and submitted, the judgment is to that extent void." *Hughes*, 303 S.W.2d at 184. The present case is distinguishable. The dissolution hearing

included all the issues relevant to the divorce, and in Wife's Answer to Husband's Petition, she asked the trial court to "further order that this Respondent have and recover of and from Petitioner ... support monies for said minor child, both temporary and permanent...." Moreover, Wife raised the issue of back child support at trial during her cross-examination of Husband. No objection was made that the questions were outside the pleadings. Rather, Wife later objected to this line of questioning based upon the best evidence rule. Wife testified and had the opportunity to testify concerning the pendente lite support. Wife cannot now complain that she was prejudiced by this evidence and by the trial court's finding.

Furthermore, Husband presented evidence that he made payments to a third party, Daybridge Day Care Center, with Wife's agreement and consent. This evidence was unrefuted. Payments made to a third party with the express or implied consent of the spouse are payments toward the support obligation. *See Cooper v. Allstate Ins. Co.*, 735 S.W.2d 204, 206 (Mo. App.1987); *Stemme v. Stemme*, 351 S.W.2d 823, 825 (Mo.App.1961). Wife's second point is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER and STEPHAN, JJ., concur.